1  Thomas E. Beck, Esq. (SBN 81557)
   **THE BECK LAW FIRM**
2  10377 Los Alamitos Blvd.
   Los Alamitos, California 90720
3  Telephone No. (562) 795-5835
   Facsimile No.  (562) 795-5821
4
   Attorneys for Plaintiff Arnold Gonzalez
5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ARNOLD GONZALES,                    )    Case No. CV 05-6953 RJK (VBKx)
                                        )
12              Plaintiff,              )
                                        )    PLAINTIFFS MEMORANDUM OF
13        v.                            )    CONTENTIONS OF FACTS AND
                                        )    LAW
14                                      )
    CITY OF MAYWOOD, BRUCE LEFLAR,      )
15  FRANK MENCHACA, JASON PERKINS,      )
16  JOHN   BOSTON,   BRETT   BURNS      )    PTC:      09/15/08
    individually and as peace officers, DOES  )    Time:     1:30 p.m.
17  1-10, inclusive.                    )    Ctrm:        1439
                                        )
18              Defendants              )    Trial:       TBD
                                        )
19  _____   )

20

21        Plaintiff ARNOLD GONZALEZ herewith files their Contentions of Law and

22  Fact in accordance with Central District Local Rule 16-2.8.

23

24  DATED: September 2, 2008            THE BECK LAW FIRM

25

26                                  By_____

27                                      Thomas E. Beck
                                        Attorneys for Plaintiff

28

                                    1

# <u>TABLE OF CONTENTS</u>

**Page**

I.   CONTENTIONS OF FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   A   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . 2

   B.   PLEADINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      Federal Civil Rights Claims . . . . . . . . . . . . . . . . . . . . . . . . . 6

      Supplemental State Laws Claims: . . . . . . . . . . . . . . . . . . . . . 6

   C.   PERSONAL INJURIES SUSTAINED . . . . . . . . . . . . . . . . . . . . 6

   D.   ITEMIZED STATEMENT OF DAMAGES . . . . . . . . . . . . . . . . . 7

   E.   PLAINTIFF'S AGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   F.   RES IPSA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   G.   LAW AND REGULATIONS VIOLATED . . . . . . . . . . . . . . . . . 7

   H.   PUNITIVE/EXEMPLARY DAMAGES . . . . . . . . . . . . . . . . . . 8

II.   CONTENTIONS OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

   A.   JURISDICTION OVER PLAINTIFF'S LAWSUIT. . . . . . . . . . . . . 8

   B.   ACTIONS REDRESSABLE UNDER 42 U.S.C. § 1983 . . . . . . . . 9

     1.   Under Color of State Law . . . . . . . . . . . . . . . . . . . . . . . . . 9

     2.   Arbitrary And Warrantless Arrests . . . . . . . . . . . . . . . . . . . 10

     3.   Freedom From Unreasonable Uses of Force by Peace Officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     4.   Failure to Intervene Violates Constitutional Rights . . . . . . 13

     5.   Negligent conduct is not an issue in the federal claims . . . . . 14

     6.   Liability For Conspiracy To Deprive Rights . . . . . . . . . . . . 14

   C.   COMPENSATORY DAMAGES ARE RECOVERABLE FOR ALL DETRIMENT PROXIMATELY RESULTING TO PLAINTIFF FROM AN OFFICER'S MISCONDUCT . . . . . . . 16

   D.   EXEMPLARY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . 16

   E.   PUBLIC ENTITY LIABILITY UNDER SECTION 1983 . . . . . . . 17

   F.   QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . 22

i

G.    ATTORNEYS FEES MAY BE AWARDED TO PLAINTIFF
        IN A SECTION 1983 ACTION.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

H.    SUPPLEMENTAL STATE LAW CLAIMS  . . . . . . . . . . . . . . . . . . 24

        Assault and Battery  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

        False Arrest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

        Conspiracy  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

        Torts in Essence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

        Intentional Infliction of Emotional Distress  . . . . . . . . . . . . . . . . . 28

        Negligence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

        Negligent Employment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

        Banes Civil Rights ( California Civ. Code §52.1(b))  . . . . . . . . . . . 35

III.    EVIDENTIARY PROBLEMS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

A.    Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

B.    Defense burden to prove probable cause: . . . . . . . . . . . . . . . . . . . . . 37

C.    Admissibility of Defendants' Priors To Show Pattern and
        Practice  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

D.    Specific Intent to Deprive Plaintiff of a Constitutional Right
        Is Not An Element of a Proof in a Section 1983 Action.  . . . . . . . . 39

E.    Prior and Subsequent Misconduct is Admissible Against the
        Individual Defendants as well as the Municipal Entity  . . . . . . . . . . 40

IV.    A TIMELY JURY DEMAND WAS MADE BY PLAINTIFF
        IN CONFORMITY WITH RULE 38, FEDERAL RULES
        OF CIVIL PROCEDURE  AND  LOCAL  RULE  38-1  . . . . . . . . . . . . . 41

1

# TABLE OF AUTHORITIES

2

3  **FEDERAL AUTHORITIES**

4  *Act Up!/Portland v. Bagley,*
5      (9th Cir. 1993) 988 F.2d 868 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

6  *Albright v. Oliver,*
       510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114  . . . . . . . . . . . . . . . . . . . . 15

7  *Alexander v. City and County of San Francisco,*
8      (9th Cir. 1994) 29 F.3d 1355 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9  *Allen v. City of Portland,*
       (9th Cir. 1995) 73 F.3d 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10 *Anderson v. Creighton,*
11     (1987) 483 U.S. 635; 107 S. Ct. 3034 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

12 *Anela v. City Of Wildwood,*
       (3rd Cir 1986) 790 F.2d 1063 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

13 *Antelope v. George,*
14     (D. Ind 1962) 211 F.Supp. 657 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

15 *Anthony v. Baker,*
       (6th Cir. 1985) 767 F.2d 657 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16 *Arceneaux v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,*
17     (11th Cir. 1985) 767 F.2d 1498 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

18 *Armster v. City of Riverside,*
       (C.D.Cal. 1985) 611 F.Supp. 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19 *Barlow v. Ground*
20     (9th Cir. 1991) 943 F.2d 1132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

21 *Beauregard v. Wingard,*
       (D.C. Cal. 1964) 230 F.Supp. 167 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22 *Beck v. City of Pittsburg,*
23     (3rd Cir. 1996) 89 F.3rd 966 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

24 *Beck v. Ohio,*
       (1964) 379 U.S. 89, 85 S.Ct. 223, 13 L.E.d.2d 142 . . . . . . . . . . . . . . . . . 10

25 *Bird v. Figel,*
26     (N.D.Ind.1989) 725 F.Supp. 406 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

27 *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,*
       (1971) 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 . . . . . . . . . . . . . . . . 10

28

*Black v. Stephens,*
    (3rd Cir. 1981) 662 F.2d 181 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 19

*Blair v. City of Pomona,*
    (9th Cir. 2000) 223 F.3d 1074 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Board of County Commissioners v. Brown,*
    (1997) 520 U.S. 397 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Bonsignore v. City of New York,*
    (S.D.N.Y, 1981) 521 F.Supp. 394 *aff'd* 683 F.2d 635 (2nd Cir., 1982) . . . 21

*Bordanardo v. McLeod,*
    (1st Cir. 1989) 871 F.2d 1151 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Borunda v. Richmond,*
    (9th Cir. 1988) 885 F.2d 1384 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brandon v. Holt,*
    (1985) 469 U.S. 464 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Bretz v. Kellman,*
    (9th Cir. 1985) 773 F.2d 1026 *en banc* . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brewer v. City of Napa,*
    (9th Cir. 2000) 210 F.3d 1093 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brower v. County of Inyo,*
    (1989) 817 U.S. 593, 109 S.Ct. 1378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bruner v. Duniway,*
    (6th Cir. 1982) 689 F.2d 442 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Byrd v. Brishke,*
    (7th Cir. 1972) 466 F.2d 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cameron v. Fogarty,*
    (E.D.N.Y. 1985) 649F.Supp. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Carlson v. Green,*
    (1978) 446 U.S. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Carson v. Polley,*
    (5th Cir. 1982) 689 F.2d 562 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Christie v. Iopa,*
    (9th Cir. 1999) 176 F.3d 1231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 40

*City of Canton v. Harris*
    (1989) 489 U.S. 378, 109 S.Ct. 1197 . . . . . . . . . . . . . . . . . . . . 6, 18, 20, 39

*City of Oklahoma City v. Tuttle,*
    471 U..S. 808 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 39, 40

////

*City of St. Louis v. Prapotnick*
    (1988) 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 . . . . . . . . . . . . . 18, 19

*Cohen v. Norris,*
    (9th Cir. 1962) 300 F.2d 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 40

*Collins v. Jordan,*
    (9th Cir. 1996) 110 F.3d 1363 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Commonwealth of Pennsylvania v. Baranyal,*
    (3rd Cir. 1981) 659 F.2d 606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38, 40

*Culbertson v. Leland,*
    (9th Cir. 1975) 528 F.2d 426 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Daniels v. Williams,*
    (1986) 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 . . . . . . . . . . . . . . 9, 14

*Davidson v. Cannon,*
    (1986) 474 U.S. 344 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Del Fargo v. City of San Juan Bautista,*
    (9th Cir. 1988) 857 F.2d 638 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Del La Cruz v. Kauai County,*
    (2002) 537 U.S. 1053, 123 S.Ct. 608, 154 L.Ed.2d 531 . . . . . . . . . . . . . 23

*Dellums v. Powell,*
    (D.C.Cir. 1977) 566 F.2d 167 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Deorle* v. *Rutherford,*
    (9th Cir. 2001) 272 F.3d 959 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Donovan v. Reinhold,*
    (9th Cir. 1970) 433 F.2d 737 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Doty v. Seawall,*
    (1st Cir 1990) 908 F.2d 1053 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Dubner v. City and County of San Francisco*
    (2001) 266 F.3d 959 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Dunaway v. New York,*
    (1979) 442 U.S. 200, 60 L.Ed.2d 824 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Elder v. Holloway,*
    (1994) 510 U.S. 510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Fairly v. Luman*
    (9th Cir.2002) 281 F.3d 791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Fiacco v. City of Rensselaer, N.Y.,*
    (2d Cir. 1986) 783 F.2d 319 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

v

*Fletcher v. O'Donnell,*
(3rd Cir. 1989) 867 F.2d 791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Florida v. Royer,*
(1983) 460 U.S. 491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Foley v. City of Lowell,*
(1st Cir 1991) 948 F.2d 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Fuller v. City of Oakland,*
(9th Cir. 1995) 47 F.3d 1522 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 21

*Fundillier v. City of Cooper City,*
(11th Cir. 1985) 777 F.2d 1436 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Gagnon v. Ball,*
(2nd Cir. 1982) 696 F.2d 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gasho v. United States,*
(9th Cir. 1994) 39 F.3d 1420 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Gilker v. Baker,*
(9th Cir. 1978) 576 F.2d 245 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 37

*Gill v. Manuel,*
(9th Cir. 1973) 488 F.2d 799 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Gomez v. Toledo,*
(1980) 446 U.S. 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Gordon v. Norman,*
(7th Cir. 1986) 788 F.2d 1194 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Graham v. Conner,*
(1989) 490 U.S. 386, 109 S.Ct. 1865 . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Grandstaff v. City of Borger,*
(5th Cir. 1985) 767 F.2d 161 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Gray v. Spillman,*
(4th Cir. 1991) 925 F.2d 90 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Greenidge v. Ruffin,*
(9th Cir. 1991) 927 F.2d 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gregory v. Thompson,*
(9th Cir. 1962) 500 F.2d 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hammond v. County of Madera,*
(9th Cir. 1988) 859 F.2d 797 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hampton v. Hanrahan,*
(7th Cir. 1979) 600 F.2d 600 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

////

*Hansen v. Black,*
   (9th Cir. 1989) 885 F.2d 642 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Harlow v. Fitzgerald,*
   (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.E.d2d 39 . . . . . . . . . . . 22

*Harris v. Roderick,*
   (9th Cir. 1997) 126 F.3d 1189 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 23

*Headwaters Forest Defense v. County of Humbolt,*
   (9th Cir. 2000) 240 F.3d 1185 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Henry v. County of Shasta,*
   (9th Cir. 1998) 137 F.3d 1372 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

*Hensley v. Eckerhart,*
   (1983) 461 U.S. 424 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Hirst v. Gertsen,*
   (9th Cir. 1982) 676 F.2d 1252 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Hoffman v. Halden,*
   (9th Cir. 1959) 268 F.2d 280 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hopkins v. Andaya,*
   (9th Cir. 1992) 958 F.2d 881 . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 20, 22

*Hopper v. City of Pasco,*
   (9th Cir. 2001) 241 F.3d 1067 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ingram v. Wright,*
   (1977) 430 U.S. 651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ismail v. Cohen,*
   (2nd Cir. 1990) 899 F.2d 183 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Jackson v. Dukes,*
   (5th Cir. 1958) 259 F.2d 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jenkins v. Averett,*
   (4th Cir. 1970) 424 F.2d 1228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 40

*Jennings v. Daniels,*
   (8th Cir. 1973) 476 F.2d 1271 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jett v. Dallas Indep. Sch. Dist.,*
   (1989) 491 U.S.701, 737 109 S.Ct. 2702, 105 L.Ed.2d 598 . . . . . . . . . . 17

*Kennedy v. Los Angeles,*
   (9th Cir. 1989) 901 F.2d 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kerr v. City of Chicago,*
   (7th Cir. 1970) 424 F.2d 1134 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

////

*Larez v. City of Los Angeles,*
 (9th Cir. 1991) 946 F.2d 630 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Leach v. Shelby County Sheriff,*
 (6th Cir. 1989) 891 F.2d 1241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Leonard v. Argento,*
 (7th Cir 1983) 699 F.2d 874 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 39

*Lewis v. Hyland,*
 (3rd Cir. 1977) 554 F.2d 293 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Liston v. County of Riverside,*
 (9th Cir. 1997) 120 F.3d 965 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Losch v. Borough of Parksburg,*
 136 F.3d 902 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Mabe v. San Bernardino County,*
 (9th Cir. 2000) 237 F.3d 1101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Malley v. Briggs,*
 (1986) 475 U.S. 335, 89 L.Ed.2d 271 . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Mapp v. Ohio,*
 (1961) 367 U.S. 643 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Marshall v. Sawyer,*
 (1962) 301 F.2d 639 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Martin v. Duffie,*
 (10th Cir. 1972) 463 F.2d 467 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*McCarthy v. Mayo,*
 (9th Cir. 1987) 827 F.2d 1310 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*McClelland v. Facteau,*
 (10th Cir. 1979) 610 F.2d 693 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*McHenry v. Chadwick,*
 (6th Cir. 1990) 896 F.2d 184 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*McKenzie v. Lamb,*
 (9th Cir. 1984) 734 F.2d 1005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*McRorie v. Shimoda,*
 (9th Cir. 1986) 795 F.2d 780 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Mendecino Environmental Center v. Mendecino County,*
 (9th Cir. 1999) 192 F.3d 1283 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Meyers v. Nebraska,*
 (1923) 262 U.S. 390 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

////

*Monell v. Dept. of Social Services*,
    (1978) 436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18, 39, 40

*Monroe v. Pape*,
    (1961) 365 U.S. 167 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 36, 40

*Moon v. Winfield*,
    (N.D. Ill. 1973) 368 F.Supp. 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Morrow v. Dillard*,
    (5th Cir. 1978) 580 F.2d 1284 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Newman v. Piggie Park Enterprises, Inc.*,
    (1968) 390 U.S. 400 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*O'Neill v. Krezemiski*,
    (2nd Cir. 1988) 839 F.2d 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Ohio v. Harris*,
    (1988) 489 U.S. 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Oviatt v. Pearce*,
    (9th Cir. 1992) 954 F. 2d 881 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Owen v. City of Independence*,
    (1980) 445 U.S. 622 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 23

*P.B. v. Koch*,
    (9th Cir. 1996) 96 F.3d 1298 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pacific Mutual Life Ins. Co. v. Haslip*,
    (1991) 111 U.S. 1032, 111 S.Ct. 1032 . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Parratt v. Taylor*,
    (1981) 451 U.S. 527 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

*Parrish v. Luckie*,
    (8th Cir. 1992) 963 F.2d 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Patzig v. O'Neill*,
    (3d Cir. 1978) 577 F.2d 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Pelligrino v. United States*,
    (9th Cir. 1996) 73 F.3d 934 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Pembauer v. Cincinnati*,
    (1986) 475 U.S. 469, 106 S.Ct. 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Pierson v. Ray*
    (1967) 386 U.S. 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Putnam v. Gerloff*,
    (8th Cir. 1981) 639 F.2d 415 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

////

1  *Robins v. Harum,*
2     (9th Cir. 1985) 773 F.2d 1004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

3  *Robinson v. Maruffi,*
      (10th Cir. 1990) 895 F.2d 649 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

4  *Sala v. County of Suffolk,*
5     (2d Cir.1979) 604 F.2d 207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

6  *Sarus v. Rotundo,*
      (2d Cir. 1987) 831 F.2d 397 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

7  *Saucier v. Katz,*
8     (2001) 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 . . . . . . . . . . . . *22*

9  *Sibron v. New York,*
      (1968) 392 U.S. 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10 *Sloman v. Tadlock,*
11    (9th Cir. 1994) 21 F.3d 1462 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

12 *Smiddy v. Varney (Smiddy II),*
      (9th Cir. 1986) 803 F.2d 1469 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

13 *Smith v. Ambrogio,*
14    (1978) 456 F.Supp. 1130 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

15 *Smith v. Wade,*
      (1983) 461 U.S. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

16 *Stanford Daily v. Zurcher,*
17    (9th Cir. 1978) 550 F.2d 464, *rev'd on other grounds,*
      435 U.S. 547 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

18 *Stone v. City of Chicago,*
19    (7th Cir. 1984) 738 F.2d 896 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

20 *Stringer v. Dilger,*
      (10th Cir. 1963) 313 F.2d 536 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

21 *Symkowski v. Miller,*
22    (E.D. Wis. 1969) 294 F.Supp. 1254 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23 *Telfair v. Gilberg,*
      (S.D.GA, 1994) 868 F.Supp. 1396 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24 *Tennessee v. Garner,*
25    (1985) 471 U.S. 1, 105 S.Ct. 1694 . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

26 *Terry v. Ohio,*
      (1968) 392 U.S. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 23

27 *Thomas v. City of New Orleans,*
28    (5th Cir. 1982) 687 F.2d 80 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Thompson v. City of Los Angeles,*
  (9th Cir 1989) 885 F.2d 1439 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Turpin v. Mailet,*
  (2nd Cir. 1980) 619 F.2d 196 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Van Ort v. Stanewich,*
  (9th Cir. 1996) 92 F.3d 831 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 33, 34

*Venegas v. Wagner,*
  (9th Cir. 1987) 831 F.2d 1512 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Vera Cruz v. City of Escondido,*
  (9th Cir. 1997) 139 F.3d 659 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Watkins  v. City of Oakland,*
  (9th Cir. 1998) 145 F.3d 1087 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Webb v. Hiyrel,*
  (8th Cir. 1979) 713 F.2d 405 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Webster v. City of Houston,*
  (5th Cir. 1984) 735 F.2d 838 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Whirl v. Kern,*
  (5th Cir. 1969) 407 F.2d 781 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Wolf v. Colorado,*
  (1949) 338 U.S. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATE  AUTHORITIES**

*Abbott v. Cooper,*
  (1933) 218 Cal. 425 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Alejo v. City of Alhambra*
  (1999) 75 Cal. App. 4th 1180 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Angie M. v. Superior Court*
  (1995) 37 Cal.App.4th 1217, 1226 44 Cal.Rptr.2d 197 . . . . . . . . . . . . . . . 29

*Baisley v. Henry,*
  (1921) 55 Cal.App.760 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 34

*Boccato v.  City of Hermosa Beach,*
  (1994) 29 Cal.App.4th1797, 35 Cal.Rptr.2d 282   . . . . . . . . . . . . . . . . . . . 36

*Brownell v. Los Angeles Unified School District,*
  (1992) 4 Cal.App.4th 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Caldwell v. Montoya,*
  (1995)10 Cal. 4th 972, 42 Cal.Rptr. 842 . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Castillo v. Friedman
  (1987) 197 Cal. App. 3d Supp 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Cervantez v. J.C. Penny Co.
  (1979) 24 Cal.3d 579 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Coats v. Construction & Gen. Laborers Local No. 185,
  15 Cal.App. 3d 908, 93 Cal.Rptr.639 . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Christensen v. Superior Court
  (1991) 54 Cal 3d 868, 2 Cal. Rptr. 2d 79 . . . . . . . . . . . . . . . . . . . . . . . . 29

City of Los Angeles v. Superior Court
  (1973) 33 Cal.App.3d 778 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Cochran v. Cochran,
  (1998) 65 Cal.App.4th 488, 76 Cal.Rptr.2d 540 . . . . . . . . . . . . . . . . . . . 29

County of Los Angeles v. Superior Court (Valentin)
  (2000) 78 Cal.App.4th, 228 92 Cal.Rptr. 2d 668 . . . . . . . . . . . . . . . . . . . 25

De Vries v. Brunback
  (1960) 53 Cal.2d 643 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Dragna v. White,
  (1955) 45 Cal.2d 469 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Duarte v. City of San Jose,
  (1980) 100 Cal. App. 3d 648 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Evan v. Hughson United Methodist Church
  (1992) 8 Cal.App.4th 828 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Farr v. Bramblett
  (1955) 132 Cal. App.2d 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Fernilius v. Pierce
  (1943) 22 Cal.2d 226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 34

Fisher v. San Pedro Peninsula Hospital,
  (1989) 214 Cal.App.3d 590, 262 Cal.Rptr.842 . . . . . . . . . . . . . . . . . . . . 35

Fletcher v. Western National Life Insurance Co.
  (1970) 10 Cal.App.3d 376 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Fraguglia v. Sala,
  (1936) 17 Cal.App.2d 738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Greenfield v. Spectrum Investment Corporation,
  (1985) 174 Cal.App.3d 111, 219 Cal. Rptr. 805 . . . . . . . . . . . . . . . . . . . . 34

Greenwood v. Mooradian
  (1955) 137 Cal. App.2d 532 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

////

1  *Grudt v. City of Los Angeles*
2  (1970) 2 Cal.3d 575 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

3  *Haggis v. City of Los Angeles*
   (2000) 22 Cal. 4th 490, 93 Cal. Rptr. 2d 327 . . . . . . . . . . . . . . . . . . . . . . 28

4  *Harris v. City of Compton,*
5  (1985) 172 Cal.App.3d 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

6  *Hartman v. Shell Oil Co.,*
   (1977) 68 Cal.App.3d 240, 137 Cal.Rptr. 244 . . . . . . . . . . . . . . . . . . . . . . 34

7  *In re Cox,*
8  (1970) 3 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

9  *Jane Doe I v. City of Murietta*
   (2002) 102 Cal.App.4th 899 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

10 *Jones v. Kmart Corporation*
11  (1988) 17 Cal.4th 329, 949 P.2d 941, 70 Cal.Rptr.2d 844 . . . . . . . . . . . . . 25

12 *KOVR-TV, Inc.v. Superior Court,*
   (1995) 31 Cal.App.4th 1023, 37 Cal.Rptr 2d 431 . . . . . . . . . . . . . . . . . . . 29

13 *Laczko v. Jules Meyers, Inc.*
14  (1969) 276 Cal. App. 2d 293 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

15 *Larson v. City of Oakland*
    (1971) 17 Cal.App.3d 91, 94 Cal.Rptr. 466 . . . . . . . . . . . . . . . . . . . . . . . . 25

16 *Legtu v. California Highway Patrol*
17  (2001) 26Cal.4th 703, 110 Cal.Rptr.2d 528 . . . . . . . . . . . . . . . . . . . . . . . . 30

18 *Loder v. Municipal Court,*
    (1976) 17 Cal.3d 859, 17 Cal.Rptr. 892 . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

19 *Lowry v. Standard Oil Co.*
20  (1944) 63 Cal. App. 2d 1, 146 P.2d 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

21 *Mendoza v. City of Los Angeles,*
    (1998) 66 Cal.App.4th 1333 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

22 *Michael R. v. Jeffrey B.*
23  (1984) 158 Cal. App. 3d 1059 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

24 *Molien v. Kaiser Found. Hosps.*
    (1980) 27 Cal 3d 916, 167 Cal. Rptr. 831 . . . . . . . . . . . . . . . . . . . . . . . . . . 30

25 *Mox Inc. v. Woods,*
26  (1927) 202 Cal. 675 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

27 *Munchow v. Kraszewski*
    (1976) 56 Cal. App. 3d 831 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

28  ////

1  *Orloff v. Metropolitan Trust Co.*
2      (1941) 17 Cal.2d 484 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

3  *Ortega v. Kmart Corp.*
      (2001) 26 Cal 4th 1200, 114 Cal. Rprt. 2d 470 . . . . . . . . . . . . . . . . . . . . 30

4  *Parkinson Co. v. Building Trades Council*
5      (1908) 154 Cal. 581 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

6  *People v. Longoria,*
      (1995) 34 Cal.App.4th 12, 40 Cal.Rptr.2d 213 . . . . . . . . . . . . . . . . . . . . 25

7  *Prince v. Harting,*
8      (1960) 177 Cal. App.2d 720 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

9  *Ramos v. County of Madera,*
      (1971) 4 Cal.3d 685, 94 Cal.Rptr. 421, 484 P.2d 93 . . . . . . . . . . . . . . . . 33

10 *Robinson v. Smith*
11     (1962) 211 Cal.App.2d 473 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

12 *Routh v. Quinn*
      (1942) 20 Cal.2d 488 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

13 *Roynon v. Battin,*
14     (1942) 55 Cal.App.2d 861 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

15 *Rubbish Collectors Assn. v. Siliznoff*
      (1952) 38 Cal.2d 330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

16 *Runyon v. Superior Court (Franco),*
17     (1986) 187 Cal. App. 3d 878 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

18 *Scruggs v. Haynes,*
      (1967) 252 Cal.App.2d 256, 60 Cal.Rptr.355 . . . . . . . . . . . . . . . . . . . . . 24

19 *South Bay Building Enterprises v. Rivera Lend Lease, Inc.,*
20     (1999) 72 Cal.App.4th 1111, 1123 85 Cal.Rptr.2d 647 . . . . . . . . . . . . . . 27

21 *State Rubbish Collectors Assn. v. Siliznoff*
      (1952) 38 Cal.2d 330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

22 *Underwriters Inc. Co. v. Purdie*
23     (1983) 145 Cal.App.3d 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

24 *United States Liab. Co. v. Haidinger-Hayes, Inc.,*
      (1970) 1 Cal.3d 586 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

25 *Valdez v. Abney,*
26     (1986) 227 Cal Rptr. 707 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

27 *Venegas v. County of Los Angeles,*
      (2004) 32 Cal..4th 820 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

28 ////

*Virginia G. V. ABC Unified School District.*
    (1993) 15 Cal.App.4th 1848, 19 Cal.Rptr. 2d 671 . . . . . . . . . . . . . . . 30, 34

*Wetherton v. Growers Farm Labor Assn.*
    (1969) 275 Cal. App. 2d 168 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Whaley v. Jansen,*
    (1962) 208 Cal.App.2d 222, 25 Cal.Rptr. 184 . . . . . . . . . . . . . . . . . . . . . 26

*White v. Superior Court*
    (1990) 225 Cal.App.3d 1505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Unruh v. Truck Ins. Exchange*
    (1972) 7 Cal.3d 616 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Zubrick v. Ford*
    (1996) 48 Cal. App. 4th 1834 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## FEDERAL STATUTES

28 U.S.C. Section 1343(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. Section 1983 . . 6, 8, 9, 10, 13, 14, 15, 16, 18, 19, 20, 23, 24, 25, 38, 39
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

42 U.S.C. Section 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. Section 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 24

Federal Rule of Evidence 404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Federal Rule of Evidence Rule 404(b) . . . . . . . . . . . . . . . . . . . . . . . . 38, 39, 40

Federal Rule of Evidence 405(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Federal Rule of Evidence 406 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38, 40

Federal Rule of Evidence 608(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Federal Rule of Evidence 608(a)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Federal Rule of Evidence 608(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Federal Rule of Evidence 609 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Central District Local Rule 16-2.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Central District Local Rule 38-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

////

////

# STATE STATUTES

## Civil Code

Civil Code Section 51.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 36

Civil Code Section 51.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Civil Code Section 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 36

Civil Code Section 52.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 35, 36

Civil Code Section 52.1(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Civil Code Section 52(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Civil Code Section 2924h(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## Evidence Code

Evidence Code Section 664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Evidence Code Section 669 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## Government Code

Government Code Section 815.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 34

Government Code Section 815.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Government Code Section 815(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Government Code Section 820(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 33

Government Code Section 820.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## Health & Safe Code

Health & Safety Code Section 11364 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Health & Safety Code Section 11377 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Health & Safety Code Section 11377(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Penal Code

Penal Code Section 118.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Penal Code Section 127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Penal Code Section 132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 134 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 137 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Penal Code Section 148.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Penal Code Section 149 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 182(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 182(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Penal Code Section 240 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 24, 25

Penal Code Section 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 25

Penal Code Section 243 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Penal Code Section 647(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

Penal Code Section 653(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Penal Code Section 836(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Penal Code Section 840 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code Section 11166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

### Vehicle Code

Vehicle Code Section 28051 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## OTHER

Restatement (Second) of Torts Section 21 (1965) . . . . . . . . . . . . . . . . . . . . . . . 24

Restatement (Second) of Torts Sections 21-34 (1965) . . . . . . . . . . . . . . . . . . . 24

Restatement (Second) of Torts, Section 46, Comment d . . . . . . . . . . . . . . . 28, 29

Restatement (Second) of Torts, Section 46, Comment f . . . . . . . . . . . . . . . . . . . 29

*The Responsibility of Employers for the Actions of their Employees:*
*The Negligent Hiring Theory of Liability*
(1977) 53 Chi-Kent L.Rev. 717 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

# I.

## CONTENTIONS OF FACT

### A.

## STATEMENT OF THE CASE

After work on Friday evening September 27, 2003, Plaintiff, together with Omar Castro, Jessie Borunda, Ray Lopez and Juan Viramontes were at the apartment of Ray Lopez, Maria Flores and Juanita Florez at at 4642 52nd Place in the City of Maywood. At approximately 4AM, plaintiff's wife Laura Orosco phoned plaintiff telling him it was time he came home. Plaintiff lived four houses east at 4710 52nd Place. Ms. Orosco walked out to the street to watch the plaintiff leave Lopez's apartment with Borunda and Castro. As he passed near 4648 52nd Place, he spotted what turned out to be defendants Menchaca, Boston and Perkins concealing themselves along a fence line at the corner of 52nd Place and Mayflower. Unknown to the plaintiff, Borunda or Castro, the defendant officers were on scene responding for the second time to a call from 4548½ 52nd Place, (Nancy Flores & Johana Pedrin) complaining about what turned out to be their roommates ex boyfriend who was knocking on their apartment window. This incident was totally unrelated to the plaintiff and unknown to him, Borunda or Castro. Borunda went to his parked car. Castro went across the street to his home at 4637 52nd Place, leaving Gonzales by himself. Fearing the skulking defendants, who could not be distinguished as peace officers in the darkness, were a threat to plaintiff if he continued in their direction, Plaintiff attempted to avoid making contact by ducking into the driveway of 4648 52nd Place. As soon as he did, Defendants Menchaca, Boston and Perkins, gave chase without identifying themselves as officers. Plaintiff hopped over a wall separating 4648½ 52nd Place and 4653 53rd Street, immediately to the south and arrived on the front lawn of 4653 53rd Street. There he observed a uniformed officer believed to be defendant Burns with a flashlight in hand and firearm drawn, ordering Gonzales to get to his knees and raise his hands. Plaintiff complied. Suddenly the

1  pursuing defendants assaulted plaintiff by striking him from behind on the head with
2  a hard metal object, kicked plaintiff in the ribs and in the face, causing physical
3  injuries, including a fractured ring finger. Plaintiff was handcuffed and searched. He
4  was removed to a parked radio car on Mayflower between 53rd St. and 52nd Place
5  where Ms. Orosco stood waiting. Defendants refused to answer why plaintiff was in
6  custody. They later claimed that Gonzales was the alleged "prowler" which was
7  subsequently refuted by Ms. Pedrin and Ms. Nancy Flores. While at the radio car,
8  complaining of being beaten up, Defendant Perkins went through plaintiffs pockets
9  and claimed he found a neatly folded dollar bill containing methampetamine.
10 Defendant Menchaca later claimed he field tested the "meth" and obtained a positive
11 result. He also later claimed, along with the co-defendants, that Plaintiff was
12 witnessed holding a large metal pipe while standing at the rear of 4648½ 52nd Place,
13 ran away with the pipe which was allegedly recovered at 4633 53rd Street, and caused
14 his own facial injuries by allegedly falling face first onto the patio at the rear of
15 4653½ 53rd Street. They also falsely claimed that plaintiff admitted to them that he
16 fractured his finger in an altercation that supposedly took place prior to the arrest.

17         Plaintiff was not in possession of any metal pipe or of any unlawful controlled
18 substance. He contends the officers manufactured these facts to cover up their illegal
19 arrest and beating. Officer Menchaca took plaintiff to the Maywood PD whereupon
20 he was fraudulently booked for allegedly violating Penal Code section 647(i),
21 (prowling), 840 P.C. (sic)(whatever that might be), and Health and Safety 11377,
22 possession of a controlled substance. No attempt was made at the scene to have  Ms.
23 Pedrin or Ms. Nancy Flores do a field identification of the plaintiff as the alleged
24 "prowler." Had they done so, defendants would have received confirmation that Mr.
25 Gonzalez was a known neighbor and not the person about whom they were
26 complaining to police.

27         Plaintiff complained of his mistreatment and injuries to Maywood Sgt. Leach,
28 who ignored him. Plaintiff was then transferred to the Los Angeles County jail and

1   then back to the lockup at the Huntington Park Municipal Court for arraignment.
2   While in the County jail, Gonzalez splinted his own finger with a tube from a roll of
3   toilet paper. At the court's lockup, Los Angeles County Sheriffs Department Sergeant
4   Rita Hall noted plaintiff's physical injuries and inquired of the plaintiff. She was told
5   these facial and other obvious injuries had been caused by defendants. Sgt. Hall
6   contacted Maywood police department sergeant Paul Pine. Pine responded to
7   plaintiff's location, took plaintiff's complaint statement and photographed plaintiff's
8   injuries in the presence of the sheriffs sergeant. However, Pine did not record the
9   complaint, did not carry out the complaint investigation as required by law and
10  corruptly discarded the photographic evidence he possessed.

11          Upon being released from custody, Plaintiff sought his own medical treatment
12  and went again to the Maywood PD to file a written formal complaint. That too was
13  ignored. A month later, Gonzalez' criminal defense attorney informed defendant,
14  bnow former-Chief of Police- Bruce Leflar of the two prior complaints which had not
15  been acted on and demanded immediate action, adding thereto that the officers
16  fabricated their drug possession allegations.  Leflar initially failed to act and
17  discovery disclosed that no action of any kind was taken with respect to Sgt. Pine's
18  failure to report the in custody complaint and the destruction of plaintiff's injury
19  photographs. Several months later, Dave Weldon, a former Maywood PD officer, was
20  engaged by Leflar to "investigate" the complaint, but only  after the criminal
21  complaint was dismissed on the ground that the alleged "meth" was not
22  methamphetamine after all and investigation disclosed Gonzalez had nothing
23  whatsoever to do with the prowling report. Gonzales alleges that Leflar purposefully
24  refused to follow the law, investigate his complaints and seek the criminal
25  prosecution of Menchaca, Perkins, Boston and Burns, joining in a conspiratorial
26  effort to cover up the wrongdoing and shield the officers as well as the Maywood PD
27  from their criminal wrongdoing, of which LeFlar knew.

28          In accordance with the alleged agreement and complicity of the co-defendants,

1   Menchaca prepared and filed the agreed crime and arrest report and caused it to be
2   transmitted to the Los Angeles District Attorney, resulting in the filing of
3   Misdemeanor Complaint number 3SE06318, charging Plaintiff with possession of a
4   controlled substance in violation of Health and Safety Code section 11377(a),
5   possession of a smoking device in violation of Health and Safety Code section 11364.

6          Plaintiff defended the aforesaid false accusations and prevailed. During pretrial
7   discovery, Plaintiff demanded the alleged drugs be provided for independent
8   laboratory testing at which time it was revealed there were no illegal drugs of any
9   kind in the evidence booked to the plaintiff by defendants. Criminal charges were
10  unconditionally dismissed July 26, 2004.

11         Weldon's administrative investigation uncovered independent proof that the
12  defendants were conspiring to fraudulently convict Plaintiff and cover up their
13  misconduct against him. Despite this knowledge, neither Leflar nor Dave Weldon
14  passed the exculpatory evidence to the Los Angeles District Attorney and did not
15  require that the criminal prosecution against Plaintiff be withdrawn. Instead, with the
16  expectation Plaintiff would succumb to the pressures and expense of defending
17  himself and negotiate a settlement with the prosecution, Defendants continued the
18  effort to bring about Plaintiff's fraudulent criminal conviction by misleading the
19  deputy district attorneys assigned to Plaintiff's prosecution and withheld their
20  knowledge of *Brady* evidence from plaintiff and said prosecutors until July 26, 2004[1].
21  Plaintiff attempted again to have Leflar and the Maywood PD obey the law,
22  investigate and prosecute/discipline defendants- all without success.

23         Three years after this incident, plaintiff sustained his one and only felony
24  conviction in a completely unrelated matter in San Diego County and is currently
25  serving a 6 year sentence in Donovan State Prison.

26

27  _____

28  [1]  Weldon has since provided sworn testimony that he was hired by Leflar and Leflar's subordinates to skew his complaint investigations in favor of the officers and against the complaining citizens.

## B.

## PLEADINGS

Federal Civil Rights Claims

The operative complaint alleges recovery under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983. There are 8 supplemental state law claims, set forth with specificity below. The first cause of action is directed against Defendants individually for the deprivations of Plaintiff Arnold Gonzalez's Fourth and Fourteenth Amendment rights to be free from warrantless arrests fraudulently justified by manufactured facts and fabricated probable cause, groundless criminal prosecution, excessive force, and conspiracy to deprive civil rights by a fraudulent cover up.

Plaintiff's Second Cause of Action seeks relief from the City of Maywood resting on *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) and *City of Canton v. Harris* (1989) 489 U.S. 378, 109 S.Ct. 1197, alleging that Plaintiff's constitutional deprivations are directly and proximately caused by the Maywood PD's abject indifference to the criminal wrongdoing of it officers, together with Maywood PD customs, practices and policies to which plaintiff fell victim.

Supplemental State Laws Claims:

There are 8 supplemental state law torts alleged: Assault and Battery (3rd Cause of Action), False Arrest (4th Cause of Action), Conspiracy (5th Cause of Action), Torts in Essence aka statutory violations (6th Cause of Action), Intentional Infliction of Emotional Distress (7th Cause of Action), Negligence (8th Cause of Action), Negligent Employment (9th Cause of Action and a Banes\Ralph Civil Rights claim (California Civ. Code §52.1(b)) (10th Cause of Action).

## C.

## PERSONAL INJURIES SUSTAINED

Plaintiff sustained significant physical and mental injuries by reason of this incident. As noted above, he has a confirmed finger fracture and multiple head,

1 face and thorax trauma.

2      He also seeks monetary damages proximate to his being charged with a
3 crime he did not commit and the indelible criminal record created thereby.  The
4 most significant emotional and mental  trauma is associated with being attacked by
5 police officers who then endeavored to "frame" him.

**D.**

**ITEMIZED STATEMENT OF DAMAGES**

Criminal Defense:        $25,000

Property loss:           N/A

Medical Expenses:        $2500

Lost Earnings:           $1600

Total Specials:          $29,000

**E.**

**PLAINTIFF'S AGE**

Mr. Gonzalez's date of birth is 2/23/76 and was 27 years of age at the time.

**F.**

**RES IPSA**

Not applicable.

**G.**

**LAW AND REGULATIONS VIOLATED**

1.    Fourth & 14th Amendments to the United States Constitution
2.    California Penal Code Section 836(a)(1)(warrantless arrests),
3.    California Penal Code Section 118.1 (false police report),
4.    California Penal Code Section 127 (subornation of perjury)
5.    California Penal Code Section 148.5 (false report of a crime)

7

6        California Penal Code Section 149, (assault under color of law)

7.       California Penal Code Section 134 (preparing false evidence),

8.       California Penal Code Section 132 (offering false evidence),

9.       California Penal Code Section 137 (induce false testimony),

10.      California Penal Code Section 153 (compounding crime),

11.      California Penal Code Section 182(1) (conspiracy to commit crime),

12.      California Penal Code Section 182(2) (conspiracy to obstruct justice),

13.      California Penal Code Section 240 (assault)

14.      California Penal Code Section 242 (battery)

## H.

## PUNITIVE/EXEMPLARY DAMAGES

The facts relied upon to support the claim for punitive damages against defendants are summarized in the Statement of the case, above. This case presents prima facie circumstances entitling Plaintiff to significant punitive damages against each of the individual defendants.

## II.

## CONTENTIONS OF LAW

## A.

## JURISDICTION OVER PLAINTIFF'S LAWSUIT.

Plaintiff's action is brought under the Federal Civil Rights Act of 1871 (42 U.S.C. § 1983 and 1988) to redress deprivations under color of state law of a right, privilege or immunity secured by the constitution and the laws of the United States. [See *Monroe v. Pape*, 365 U.S. 167, 171 (1961)].

Jurisdiction over Plaintiff's action resides in this court by virtue of 28 U.S.C. § 1343(4), which confers original jurisdiction upon United States District Courts or any civil action authorized by or to be commenced by any person:

1    "(4) To recover damages . . . under any Act of Congress providing for

2    the protection of civil rights . . ."

**B.**

**ACTIONS REDRESSABLE UNDER 42 U.S.C. § 1983**

Deprivation of the civil rights of any person within the jurisdiction of the United States will give rise to an action under the Federal Civil Rights Act of 1871 (42 U.S.C. § 1983).[2]  Under § 1983, a plaintiff must establish two elements:  First, that the conduct complained of was perpetrated by a person acting under color of state law; and second, that such conduct deprived plaintiffs of an interest protected by the Constitution or laws of the United States. [*Monroe v. Pape*, *supra*, 365 U.S. at 171; *Parratt v. Taylor*, (1981) 451 U.S. 527, 536; *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662, 668 (1986); *Cohen v. Norris*, 300 F.2d 24, 30 (9th Cir. 1962); *Gregory v. Thompson*, 500 F.2d 59, 61 (9th Cir. 1962)].

Whether those elements are present in a given case is a federal question, to be determined by federal standards. *Marshall v. Sawyer*, 301 F.2d 639, 646 (1962).

**1. Under Color of State Law**

A person is acting under the color of state law whenever his action is undertaken by virtue of and because it is clothed with authority conferred on him by the State. *Monroe, supra* at 187; *Black v. Stephens*, 662 F.2d 181 (3rd Cir. 1981). Conduct is under color of state law whether or not permitted and indeed, even if

---

[2]42 U.S.C. § 1983 provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . ."

9

1  proscribed by the law or Constitution of the state; the test being only whether the
2  conduct occurred when the officer was acting under the authority granted him by the
3  state. *Monroe, supra* at 184; *Marshall v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962).
4  This element of the federal claims are not disputed by the defense.

5

6  ## 2. **Arbitrary And Warrantless Arrests**

7      The concept of liberty protected by the Fourth Amendment denotes, among
8  other things, freedom from bodily restraint. *Meyers v. Nebraska*, 262 U.S. 390, 399
9  (1923).

10     Moreover, the Fourth Amendment, as applied to the States through the Due
11 Process clause of the Fourteenth Amendment (*Mapp v. Ohio*, 367 U.S. 643 (1961);
12 *Wolf v. Colorado*, 338 U.S. 25, 27-28 (1949)), prohibits arbitrary seizures of the
13 person, including those  "which do not eventuate in a trip to the station . . ." *Terry v.*
14 *Ohio*, 392 U.S. 1 (1968) [stop and frisk requires some reasonable cause, but not the
15 degree necessary for a warrantless arrest]; *Cohen v. Norris, supra*, at 30 [pleading
16 alleging warrantless detention, search of person, willful striking of plaintiff's groin
17 during frisk, but no arrest, was held to state a claim under Section 1983]  See:
18 *Beauregard v. Wingard*, 230 F.Supp. 167, 185 (D.C. Cal. 1964) stating:

19        "There can be no question that a person is deprived of liberty when he
         is arrested, and also when he is imprisoned [cite omitted].  There is no
20       question that freedom from arrest, freedom from imprisonment, except
         through due process, are rights, 'implicit in the concept of ordered
21       liberty,' and guaranteed by the Fourteenth Amendment against invasion
         by the State. There is no question that an arrest without probable cause,
22       not with the purpose of enforcing the law, but with an ulterior motive,
         is an arrest without due process."

23

24        "The fourth amendment to the United States Constitution, applicable to
         the states through the fourteenth amendment, prohibits arrests without
25       probable cause. *Beck v. Ohio*, 379 U.S. 89, 90-91, 85 S.Ct. 223, 225-
         226. 13 L.Ed.2d 142 (1964). Arrests without probable cause thus give
26       rise to a cause of action for damages. *Gilker v. Baker*, 576 F.2d 245 (9th
         Cir. 1978) (§1983 action); *see Bivens v. Six Unknown Agents of the*
27       *Federal Bureau of Narcotics*, 403 U.S. 388, 395, 91 S.Ct. 1999, 2004,
         29 L.Ed.2d 619 (1971) (constitutional damages action for unlawful
28       arrest under color of federal law)." *McKenzie v. Lamb*, 734 F.2d 1005,
         1007 (9th Cir. 1984).

### 3.     <u>Freedom From Unreasonable Uses of Force by Peace Officers</u>

Among the historic liberties protected from deprivation by agents of the state without due process is the "right to be free from, and to obtain judicial relief for, unjustified intrusions of personal security". *Ingram v. Wright*, 430 U.S. 651 (1977).

The physical integrity of the individual is secured from arbitrary -- and even grossly negligent -- police violence by the Fourth Amendment to the United States Constitution. *Graham v. Conner*, 490 U.S. 386, 109 S.Ct. 1865 (1989):

> "Where, as here the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable seizures' of the person.
> Today we make explicit . . . and hold that *all* claims that law enforcement officers have used excessive force --deadly or not-- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims". *Graham v. Conner*, 490 U.S. 386, 109 S.Ct. 1873.

[*See also*; *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694 (1985); *Brower v. County of Inyo*, 817 U.S. 593, 109 S.Ct. 1378 (1989); *Pelligrino v. United States*, 73 F.3d 934 (9th Cir. 1996); *Alexander v. City and County of San Francisco*, 29 F.3d 1355 (9th Cir. 1994); *Hopkins v. Andaya*, 958 F.2d 881 (9th Cir. 1992); *Del Fargo v. City of San Juan Bautista*, 857 F.2d 638 (9th Cir. 1988); *Robins v. Harum*, 773 F.2d 1004 (9th Cir. 1985)]

Forcibly handcuffing a person where there is no basis for the arrest is an inherently unreasonable use of force. *Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989). No lasting injury need be proven to sustain an unreasonable use of force claim under the 4th Amendment. *Hansen, supra., Gray v. Spillman*, 925 F.2d 90, 93 (4th Cir. 1991), *Telfair v. Gilberg*, 868 F.Supp. 1396, 1412 (S.D.GA, 1994).

"The force used must be balanced against the need for that force. *Deorle* v. *Rutherford*, 272 F.3d 959 (9th Cir. 2001), quoting *Liston v. County of Riverside*, 120

1   F.3d 965, 976 (9th Cir. 1997). "Thus, where there is no need for force, *any* force used
2   is unconstitutionally unreasonable." *Headwaters Forest Defense v. County of*
3   *Humbolt*, 240 F.3d 1185, 1199 (9th Cir. 2000), quoting *P.B. v. Koch*, 96 F.3d 1298,
4   1303-04 (9th Cir. 1996) (italics in original). A warning prior to the use of force, where
5   feasible, is required. *Deorle v. Rutherford*, 272 F.3d 1272, 1284 (9th Cir. 2001)"Our
6   cases demonstrate that officers provide warnings, where feasible, even when the force
7   used was less than deadly." citing *Brewer v. City of Napa*, 210 F.3d 1093, 1094-1095
8   (9th Cir. 2000), *Vera Cruz v. City of Escondido*, 139 F.3d 659, 660 (9th Cir. 1997).

9          Probable cause for an arrest as well as for an officer's use of force exists if the
10  facts and circumstances known to the officer, and of which he has reasonably
11  trustworthy information, are sufficient to warrant a prudent person in believing that
12  a person has committed a crime or that a person poses an immediate threat of serious
13  bodily injury to the officer or others. The hunch, guess, conjecture, or surmise of an
14  officer is not enough, and there must be enough actual evidence to reasonably lead
15  to the conclusion that the person has committed a crime or poses an immediate threat
16  of serious bodily injury to the officer or others. In determining whether probable
17  cause existed to support an arrest or to use physical force, the officer may rely only
18  upon the facts and circumstances presented to the officer at the time the arrest
19  occurred or the force was used. *Tennessee v. Gardner*, 471 U.S. 1, 3 (1985)(Court
20  adopts a probable cause standard for a police use of force); *Dunaway v. New York*,
21  442 U.S. 200, 208, 60 L.Ed.2d 824, 833 (1979); *Kennedy v. Los Angeles*, 901 F.2d
22  702, 707 (9th Cir. 1989); last sentence: *Florida v. Royer*, 460 U.S. 491, 507 (1983);
23  *Sibron v. New York*, 392 U.S. 40, 62-63 (1968)(Probable cause cannot be established
24  through an after-the-fact justification); *Greenidge v. Ruffin*, 927 F.2d 232, (9th Cir.
25  1991)(Officer's justification for use of force limited to "information...possessed
26  immediately prior to and at the very moment" force was used.); *Allen v. City of*
27  *Portland*, 73 F.3d 232, (9th Cir. 1995)("Probable cause must be determined at the time
28  the arrest is made. Facts learned or evidence obtained as a result of the stop or arrest

1   cannot be used to support probable cause unless they were known to the officer at the
2   moment the arrest was made.")

3        The alleged probable cause for plaintiff's arrest was his alleged "prowling" in
4   violation of California Penal Code section 647(I), which provides any person "Who,
5   while loitering, prowling, or wandering upon the private property of another, at any
6   time, peeks in the door or window of any inhabited building or structure, without
7   visible or lawful business with the owner or occupant." is guilty of the crime.  The
8   undisputed testimony by Menchaca, Perkins, Burns and Boston establishes the
9   absence of probable cause as a matter of law.  Because the plaintiff was already in the
10  involuntary custody of the defendants when the alleged "meth" was found, the
11  defendants unlawful drug possession accusations and probable cause thereof are
12  relevant to plaintiff's conspiracy to maliciously prosecute him.

13

14        **4.   Failure to Intervene Violates Constitutional Rights**

15        Law enforcement officers have an affirmative duty to enforce the law and
16  preserve the peace.  This includes stopping other police officers from violating the
17  law or depriving a suspect of a constitutional right.  A peace officer may not ignore
18  the duty imposed on his office and, having the opportunity, fail to stop or deter other
19  law enforcement officers from illegally punishing or using unnecessary or excessive
20  force upon a third person in his presence. *Putnam v. Gerloff,* 639 F.2d 415, 423 (8th
21  Cir. 1981), *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990); *Bruner v. Duniway*,
22  689 F.2d 442 (6th Cir. 1982); *Webb v. Hiyrel,* 713 F.2d 405 (8th Cir. 1979) [holding
23  such duty requires prevention of unlawful use of force even if inflicted by superior
24  officers]; *Jennings v. Daniels*, 476 F.2d 1271 (8th Cir. 1973); *Byrd v. Brishke*, 466
25  F.2d 6 (7th Cir. 1972); *Symkowski v. Miller*, 294 F.Supp. 1254 (E.D. Wis. 1969);
26  *Moon v. Winfield*, 368 F.Supp. 843 (N.D. Ill. 1973); *Armster v. City of Riverside*, 611
27  F.Supp. 103 (C.D.Cal. 1985).

28        While the case law imposing bystander liability primarily concerns brutality

1  claims, the same principle applies to the prevention of an illegal or unlawful arrest
2  and conspiracies to deprive civil rights. 42 U.S.C. § 1986; *Gagnon v. Ball*, 696 F.2d
3  17, 21 (2nd Cir. 1982).

4      This legal principle has been applied to common law false arrest and
5  imprisonment by the California Supreme Court. *Abbott v. Cooper*, (1933) 218 Cal.
6  425.

7

8      **5.      Negligent conduct is not an issue in the federal claims**

9      *Parratt v. Taylor, supra*, held that Section 1983 would provide a remedy for
10  a constitutional deprivation caused by a negligent act. *Parratt*, 455 U.S. at 536-537.

11      *Parratt* was overruled in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 668
12  (1986).

13      However, the alleged acts depriving plaintiff of his constitutional rights in this
14  case are either intentional or grossly negligent, and hence, *Daniels, supra* and
15  *Davidson v. Cannon*, 474 U.S. 344 (1986) do not apply.

16

17      **6.      Liability For Conspiracy To Deprive Rights**

18      Conspiracies to violate the plaintiff's constitutional rights are actionable in
19  damages under section 1983. "We conclude that there may be stated a civil cause of
20  action for conspiracy based on § 1983, Title 42 U.S.C.A. or a cause alleging that the
21  defendants acted jointly or in concert damaged plaintiff pursuant to § 1983."
22  *Hoffman v. Halden* 268 F.2d 280, 293 (9th Cir. 1959). Section 1983 liability attaches
23  to conspiracies designed to deprive the plaintiff of rights guaranteed by the
24  Constitution or and/or federal law. *Harris v. Roderick*, 126 F.3d 1189 (9th Cir.
25  1997)(FBI agents liable for conspiring to misrepresent plaintiff's role in underlying
26  incident where fellow officers used excessive force and falsely arrested the plaintiffs);
27  *Leonard v. Argento*, 699 F.2d 874 (7th Cir. 1983)(conspiracy judgment on theory that
28  defendant officers conspired to deprive plaintiff of his civil rights, even though same

1  jury found that plaintiff had not been beaten or otherwise wrongfully treated);
2  *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979)(officers liable for conspiracy to
3  use excessive force, falsely arrest and cover-up their own misconduct).

4       Section 1983 liability attaches to conspiracies designed to fraudulently convict
5  an individual of a crime. This is most often referred to as malicious prosecution.
6  *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Smiddy v.
7  Varney, supra*, 266-67; *Smiddy v. Varney (Smiddy II)*, 803 F.2d 1469 (9th Cir. 1986);
8  *Bretz v. Kellman*, 773 F.2d 1026 (9th Cir. 1985) *en banc*; *Venegas v. Wagner*, 831
9  F.2d 1512 (9th Cir. 1987); *McCarthy v. Mayo*, 827 F.2d 1310 (9th Cir. 1987);
10 *Anthony v. Baker*, 767 F.2d 657 (6th Cir. 1985). In *Barlow v. Ground* 943 F.2d 1132,
11 (9th Cir. 1991), the court ruled  where the evidence was that the prosecutor relied on
12 the facial validity of the police reports in making his/her determination to file charges,
13 then that prosecutor's judgment was not independent, and the police officers are liable
14 for malicious prosecution. *Id.*, at 1137. "They [police officer defendants] can also
15 be liable if they made false reports to the prosecutor, omitting material information
16 from the reports, or otherwise prevented the prosecutor from exercising independent
17 judgment." *Barlow, supra*, at 1136, citing *Borunda v. Richmond*, 885 F.2d 1384,
18 1390 (9th Cir. 1988).  *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990).   In
19 *Robinson* the Court held that indictment by the grand jury and subsequent prosecution
20 of the plaintiff did not terminate the defendants/deputies' liability for the malicious
21 prosecution of plaintiff.

22
23        "Defendants' argument that their misconduct is shielded by the acts of
           the prosecutor, the grand jury, and the trial and appellate courts is
           disingenuous. Their actions did not make an intervening break from the
24         conduct of the defendants.  In fact, their actions were dependent in that
           they relied upon the falsified statements and testimony produced by the
25         defendants in making their respective decisions.   "[A] prosecutor's
           decision to charge, a grand jury's decision to indict, a prosecutor's
26         decision not to drop charges but to proceed to trial -- none of these
           decisions will shield a police officer who deliberately supplied
27         misleading information that influenced the decision." *Robinson*, citing
           *Smiddy II, supra*.
28

## C.

## COMPENSATORY DAMAGES ARE RECOVERABLE FOR ALL DETRIMENT PROXIMATELY RESULTING TO PLAINTIFF FROM AN OFFICER'S MISCONDUCT

Compensatory damages which may be awarded under Section 1983 are not limited to out-of-pocket pecuniary loss, but may include compensation for any detriment which is the natural or proximate consequence of the officer's misconduct. See: *Jackson v. Dukes*, 259 F.2d 3 (5th Cir. 1958). [Upholding a $5,000.00 verdict for wrongful detention]; *Kerr v. City of Chicago*, 424 F.2d 1134, 1139-1140 (7th Cir. 1970), such as pain and suffering; *Jenkins v. Averett*, 424 F.2d 1228, 1233 (4th Cir. 1970); and emotional and mental distress. *Donovan v. Reinhold*, 433 F.2d 737 (9th Cir. 1970). See *Antelope v. George*, 211 F.Supp. 657 (D. Ind 1962) [tort against plaintiff's person not prerequisite to recovery for mental suffering]; see also *Culbertson v. Leland*, 528 F.2d 426, 428 (9th Cir. 1975). In false arrest and malicious prosecution cases, the plaintiffs' costs and attorneys fees incurred in connection with the defense of underlying false accusations are compensable special damages. *Barlow v. Ground*, 943 F.2d 1132 (9th Cir. 1991).

A person falsely arrested may recover damages caused by the indelible criminal record created by the booking. *Loder v. Municipal Court*, (1976) 17 Cal.3d 859, 17 Cal.Rptr. 892. These damages are recoverable even when courts have ordered an expungement of the arrest record. *Ibid.*

## D.

## EXEMPLARY DAMAGES

Exemplary damages may be recovered in a Section 1983 action for conduct shown to be inspired by evil motive or intent, but also when involving reckless or callous indifference to federally protected rights of others. *Smith v. Wade*, 461 U.S. 30 (1983); *Carlson v. Green*, 446 U.S. 14, 22 (1978).

Personal animosity toward the plaintiff is not a prerequisite for awarding

1  punitive damages. *Gill v. Manuel*, 488 F.2d 799, 801 (9th Cir. 1973); and neither is an
2  award of compensatory damages. *Id.* at 802.

3      Federal common law regarding punitive damages not state law, applies.
4  *Gordon v. Norman*, 788 F.2d 1194, 1199 (7th Cir. 1986).  The defendant's penury is
5  provable at his discretion. *Arceneaux v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
6  767 F.2d 1498, 1503-1504 & n.1. (11th Cir. 1985); *Pacific Mutual Life Ins. Co. v.
7  Haslip*, 111 U.S. 1032, 111 S.Ct. 1032, 1044-45 (1991) (approving post trial
8  procedures to assess reasonableness of exemplary damage award.) Furthermore, the
9  standard of proof is not clear and convincing, but preponderance of the evidence. *Bird
10  v. Figel*, 725 F.Supp. 406, 412 (N.D.Ind.1989).

11                           **E.**

12          **PUBLIC ENTITY LIABILITY UNDER SECTION 1983**

13      While local governments may not be found liable for the actions of their
14  employees on a *respondeat superior* theory, if a constitutional violation is proven to
15  result from a local government's official policy, practice or custom, that government
16  or governmental entity may be held liable. *Board of County Commissioners v. Brown*,
17  520 U.S. 397, 404 (1997). A single unconstitutional act will not ordinarily evidence
18  a policy, practice or custom. *City of Oklahoma City v. Tuttle*, 471 U..S. 808, 823-24
19  [single police misconduct incident does not prove inadequate institutional training].
20  Showing a longstanding practice or custom which constitutes the standard operating
21  procedure of the local government entity is one way to establish municipal liability.
22  *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S.701, 737 109 S.Ct. 2702, 105 L.Ed.2d 598
23  (1989); *Hopper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001).  Liability of a
24  public entity may, however, under some circumstances attach from a single decision
25  by its policy maker whether a legislative body, (*Owen v. City of Independence*,
26  Missouri, 445 U.S. 622 (1980)), or by an administrative official, (*Pembauer v.
27  Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).  [District Attorney authorized
28  unlawful forcible entry into medical clinic].  Actions against a public entities under

1   § 1983 are authorized by *Monell v. New York Dept. of Social Services*, 436 U.S. 658

2   (1978), when a municipal policy, practice, custom, or regulation is the cause of

3   unconstitutional actions taken by municipal employees. There are three possible

4   municipality liability predicates. *Christie v. Iopa*, 176 F.3d 1231(9th Cir. 1999).

5   "First, a municipality can be liable for an isolated constitutional violation when the

6   person causing the violation has 'final policymaking authority.'" *Id.*, p. 1236.

7   California law determines who the final policymaking authority is. *Ibid.* That

8   authority may be delegated. Second, "a municipality can be liable for an isolated

9   constitutional violation if the final policymaker 'ratified' the subordinate's actions."

10  *Id.* p. 1239 Ratification is a question of fact for a jury. *Fuller v. City of Oakland*, 47

11  F.3d 1522, 1534 (9th Cir. 1995). "To show ratification, a plaintiff must prove that the

12  'authorized policymaker's approve a subordinate's decision and the basis for it.'" *City*

13  *of St. Louis v. Prapotnick* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

14      A third footing for § 1983 municipal liability stems from proof of deliberate

15  indifference. *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1989). *Christie*

16  *v. Iopa, supra*, p. 1240-41, *Fuller, supra*, 47 F.3d at 1535; *Hammond v. County of*

17  *Madera*, 859 F.2d 797, 803 (9th Cir. 1988).  The policies and practices need not

18  themselves be unconstitutional.  The test is whether a constitutional deprivation is

19  foreseeable. *Id.* at 1197.  This case presents two deeply entrenched and pervasive

20  municipal customs and practices within the Maywood PD. But for the code of silence

21  the plaintiff could not have been arrested, booked or prosecuted. It is because the

22  officers subscribe to a code of silence refusing to disclose the true facts surrounding

23  the incident at the expense of their victims that the plaintiff was subjected to a

24  groundless arrest and an equally groundless criminal prosecution. The second prong

25  of the *Monell* claim here is the manner in which police department conduct (or refuse

26  to conduct) internal investigations into reports of criminal wrongdoing by its

27  employees, which are carried out with the purpose of whitewashing and/or

28  suppressing misconduct by its officers over time serves as an independent basis of

1   municipal liability. *Beck v. City of Pittsburg*, 89 F.3rd 966 (3rd Cir. 1996); *Lewis v.*
2   *Hyland*, 554 F.2d 293 (3rd Cir. 1977); *Black v. Stephens*, 662 F.2d 181 (3rd Cir.
3   1981); *Stone v. City of Chicago*, 738 F.2d 896 (7th Cir. 1984). This is particularly
4   applicable to defendants Menchaca, Boston, Burns and Perkins. Their employment
5   records disclose numerous examples of constitutional misconduct, each of which
6   should have resulted in discipline or dismissal and were not. Additionally, discovery
7   has disclosed these officers demonstrated these anti-social characteristics while
8   employed and discharged by, prior law enforcement agencies, none of which
9   concerned Chief Leflar's hiring decisions.

10      Where non-participating superiors ratify the officer defendant's conduct, such
11   ratification is imputed to the municipality. *Watkins v. City of Oakland*, 145 F.3d
12   1087, 1094 (9th Cir. 1998)("Like Chief Gates in *Larez*, Chief Samuels signed an
13   internal affairs report dismissing Watkins' complaint despite evidence of Officer
14   Chew's use of excessive force contained in the report and evidence of Officer Chew's
15   involvement in other police dog bite incidents, and apparently without ascertaining
16   whether the circumstances of those cases required some ameliorative action to avoid
17   or reduce serious injuries to individuals from dogs biting them. In addition, Watkins
18   argues that Chief Samuels did not establish new procedures, such as including the use
19   of police dogs within the OPD's policy governing the use of nonlethal force, despite
20   evidence of numerous injuries to suspects apprehended by the use of police dogs.")
21   "If the authorized policymakers approve a subordinate's decision and the basis for it,
22   their ratification would be chargeable to the municipality because of their decision
23   is final. *Prapotnick v. City of St. Louis*, 485 U.S. 112, 108 S.Ct. 915 (1988); *Turpin*
24   *v. Mailet*, 619 F.2d 196 (2nd Cir. 1980).

25      Municipal liability is not always dependent on a liability finding against the
26   individual defendants. In *Fairly v. Luman  281 F.3d  791* (9th Cir.2002) court held
27   that the City of Long Beach was liable to the § 1983 plaintiff notwithstanding the jury
28   determination the individual officer defendants were not liable, on the ground that the

1   City's custom and practice caused a distinct and different deprivation than alleged

2   against the individual officer defendants.

3   "In *City of Canton v. Harris* 489 U.S. 378 (1989), the Supreme Court
    recognized that the city could be held independently liable under §1983

4   for failure to train its police officers even though no individual
    defendants were sued. This Court reached the same conclusion in *Oviatt*

5   *v. Pearce*, 954 F. 2d 881, 888 (9th Cir. 1992), deciding §1983 liability
    could attach to a city because it failed to implement internal procedures

6   for tracking inmate arraignments. Even more to the point, in *Hopkins v.*
    *Andaya*, 958 F.2d 881 (9th Cir. 1992), we held that a city could be liable

7   under § 1983 for improper training or *improper procedure* even if the
    individual officer charged with violating the plaintiff's constitutional

8   rights was exonerated." *Id.,* 1848 (italics added)

9       Plaintiff aims to hold the City of Maywood liable under § 1983 on the code of

10  silence and deliberate indifference footholds, based on the police department's

11  complete refusal to consider extant evidence which conclusively proved Mr.

12  Gonzalez committed no crime and was the victim of their overreaction and brutality,

13  which they tried to cover up. The evidence in this case presents significant probative

14  evidence demonstrating the department's acquiescence of the defendants' misconduct

15  and the deliberate falsification of department reports.  Acquiescence may be shown

16  by the failure to discipline misconduct, *Parrish v. Luckie*, 963 F.2d 201 (8th Cir.

17  1992), or by the failure to investigate. *Leach v. Shelby County Sheriff*, 891 F.2d 1241

18  (6th Cir. 1989). Acquiescence may also be shown by the police agency's inappropriate

19  response to the incident by which the officers harmed the plaintiff.  In *Grandstaff v.*

20  *City of Borger,* 767 F.2d 161 (5th Cir. 1985), *Bordanardo v. McLeod*, 871 F.2d 1151

21  (1st Cir. 1989); *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), *McRorie*

22  *v. Shimoda*, 795 F.2d 780 (9th Cir. 1986), *Foley v. City of Lowell*, 948 F.2d 10, 13-15

23  (1st Cir 1991), *Watkins v. City of Oakland*, 145 F.3d 1087 (9th Cir. 1998) and *Henry*

24  *v. County of Shasta*, 137 F.3d 1372 (9th Cir. 1998), the courts approved § 1983 *Monell*

25  liability which rested on the police agency's ratification by virtue of the failure to take

26  appropriate remedial action.

27  "The disposition of the policymaker may be inferred from
    his conduct after the events of that night. Following this

28  incompetent and catastrophic performance, there were no
    reprimands, no discharges, and no admissions of error. . .

20

1
2
3

> If prior policy had been violated, we would expect to see a different reaction. If what the officers did and failed to do on August 11, 1981 was not acceptable to the police chief, changes would have been made." *Grandstaff*, at 171.

4    In *Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir. 1995) the Court held that

5 the plaintiffs should have defeated the municipal defendant's summary judgment

6 motion by proof the department's internal investigation file which "arguably

7 reveal[ed] a grossly inadequate investigation-and nevertheless approved the

8 thoroughness of the investigation, then a jury could find that Hart acted with reckless

9 disregard of Fuller's constitutional right not to have her investigation handled in a

10 sexually biased fashion." *Id.*,p. 1535.

11    Plaintiff will prove that the defendants and their supervisors subscribed to the

12 age old and deeply entrenched code of silence without which the plaintiff's rights

13 could never have been violated as they were and that officers, sergeants, upper levels

14 of management as well as Chief Leflar himself personally knew and understood that

15 Mr. Gonzalez had been unlawfully attacked arrested and prosecuted by Menchaca,

16 Boston, Perkins, and Burns and that Menchaca, Boston, Perkins, and Burns were

17 known to overreact but conveniently turned a blind eye because no person within the

18 department would reveal the true facts--adhering to the customary code of silence.

19 Continued tolerance and indifference to the harm that arises from the police

20 department's code of silence gives rise to municipal liability. *Thomas v. City of New*

21 *Orleans*, 687 F.2d 80 (5th Cir. 1982); *Bonsigniore v. City of New York*, 521 F.Supp.

22 394 (S.D.N.Y, 1981) *aff'd* 683 F.2d 635 (2nd Cir., 1982).

23
24
25
26
27

> Proof that the police department fails to discipline its officers or imposes unreasonable proof standards to sustaining a complaint against officers will also establish municipal liability. *Beck v. City of Pittsburg*, 89 F.3d 966 (3rd Cir. 1996). "[W]e cannot look to the mere existence of superficial grievance procedures as a guarantee that citizen's constitutional liberties are secure. Protection of citizen's rights and liberties depends upon the substance of the OPS investigatory procedures. Whether those procedures had substance was for the jury's consideration."

28

1    In addition, the Maywood Police Department is liable because it has
2 historically acquiesced in these identical unlawful arrests and prosecutions. *Anela v.*
3 *City Of Wildwood*, 790 F.2d 1063 (3rd Cir 1986); *Thompson v. City of Los Angeles*,
4 885 F.2d 1439 (9th Cir 1989); *Henry v. County of Shasta*, 132 F.3d 512, 519 (9th Cir.
5 1997):

6       "We reiterate our rule that post-event evidence is not only admissible for
        purposes of proving the existence of a municipal defendant's policy or
7       custom, but is highly probative with respect to that inquiry."

8                                        **F**

9                           **QUALIFIED IMMUNITY**

10    Under the doctrine of qualified immunity, a state official is not immune from
11 liability for the performance of discretionary functions if his conduct violates clearly
12 established rights of which a reasonable person should have known. *Harlow v.*
13 *Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982) 73 L.E.d2d 39 (1982); *Elder*
14 *v. Holloway*, 510 U.S. 510, 512 (1994); *Mabe v. San Bernardino County*, 237 F.3d
15 1101, 1107 (9th Cir. 2000); *Hopkins v. Andaya*, 958 F.2d 881 (9th Cir. 1992);
16 Qualified immunity is fact specific. *Saucier v. Katz*, 533 U.S. 194, 201-202 121 S.Ct.
17 2151, 150 L.Ed.2d 272(2001); "As the qualified immunity defense has evolved, it
18 provides ample protection to all but the plainly incompetent or those who knowingly
19 violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 89 L.Ed.2d 271, 278 (1986).
20 The qualified immunity defense is answered by a preliminary determination based on
21 the facts as presented by the plaintiff, in the light most favorable to the plaintiff.
22 *Saucier v. Katz* 553 U.S. 201. If no constitutional right would have been violated
23 were the plaintiff's allegations established, there is no need for further inquiry. On
24 the other hand, if a violation could be made out on a favorable view of the plaintiff's
25 evidence, the next step is to ask whether the right violated by the defendants was
26 clearly established. *Id.*  The relevant, dispositive inquiry in determining whether a
27 right is clearly established is whether it would be clear to a reasonable officer that his
28 conduct was unlawful in the situation that he confronted. *Id.*

1    In *Anderson v. Creighton*, 483 U.S. 635; 107 S. Ct. 3034 (1987), the Court
2  stated:

3       [t]he contours of the right must be sufficiently clear that a reasonable official
        would understand that what he is doing violates that right. This is not to say
4       that an official action is protected by qualified immunity unless the very action
        in question has previously been held unlawful, but it is to say that in the light
5       of preexisting law the unlawfulness must be apparent. 107 S. Ct. at 3139.

6    Qualified immunity is unavailable to a defendant against a 4th Amendment
7  claim when he manufactured or conspired to manufacture facts constituting probable
8  cause. *Malley v. Briggs*, 475 U.S. 335 (1986); *Mendecino Environmental Center v.*
9  *Mendecino County*, 192 F.3d 1283, 1295 (9th Cir. 1999); *Harris v. Roderick*, 126 F.3d
10  1189, 1205 (9th Cir. 1997). *Del La Cruz v. Kauai County*, 537 U.S. 1053, 123 S.Ct.
11  608, 154 L.Ed.2d 531(2002).  In determining whether a particular search or seizure
12  is reasonable, the court must determine whether the officer's action was justified *at*
13  *its inception*, and whether it was reasonably related in scope to the circumstances
14  which justified it in the first place. *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S.Ct. 1868,
15  20 L.Ed.2d 889 (1968).

16    Qualified immunity is an affirmative defense and must be pleaded and proved
17  by defendant. *Gomez v. Toledo*, 446 U.S. 35 (1980). This is an issue of law and may
18  not be decided by a jury. *Sloman v. Tadlock*, 21 F.3d 1462, 1467 (9th Cir. 1994); *Act*
19  *Up!/Portland v. Bagley*, 988 F.2d 868 (9th Cir. 1993). "It is the defendant's burden to
20  show a reasonable officer could have believed, in light of the settled law, that he was
21  not violating a constitutional or statutory right." *Collins v. Jordan*, 110 F.3d 1363,
22  1369 (9th Cir. 1996), quoting *Gasho v. United States*, 39 F.3d 1420, 1438 (9th Cir.
23  1994)(internal ellipses omitted).

24    The qualified immunity defense is not available to a public entity or a policy
25  making defendant sued in his/her official capacity in a §1983 action. *Owen v. City*
26  *of Independence*, 445 U.S. 622, 649-50.  See also *Brandon v. Holt*, 469 U.S. 464
27  (1985); *Sala v. County of Suffolk*, 604 F.2d 207 (2d Cir.1979) (routine strip search of
28  woman, without probable cause or suspicion, subjects County to liability without

23

good faith defense).

## G.

## ATTORNEYS FEES MAY BE AWARDED TO PLAINTIFF IN A SECTION 1983 ACTION.

Plaintiff is entitled to recover reasonable attorneys fees in a Section 1983 suit pursuant to title 42 U.S.C. § 1988. *Stanford Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1978), *rev'd on other grounds*, 435 U.S. 547 (1978); see *Morrow v. Dillard*, 580 F.2d 1284 (5th Cir. 1978).

Although recovery of attorneys fees is discretionary with the trial court, such fees should be awarded unless extraordinary reasons appear which would render such award unjust. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968); *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

## H

## SUPPLEMENTAL STATE LAW CLAIMS

### Assault and Battery

An assault occurs when the plaintiff is placed in imminent apprehension of harmful or offensive contact by the defendant.  Restatement (Second) of Torts Sections 21-34 (1965).  *See Lowry v. Standard Oil Co.* (1944) 63 Cal. App. 2d 1, 7, 146 P.2d 57 ("A civil action for assault is based upon an invasion of the right of a person to live without being in fear of personal harm."  To recover damages on a cause of action for assault, the plaintiff must establish that: The defendant intended to cause harmful or offensive contact, or imminent apprehension of such contact; and The plaintiff was put in imminent apprehension of harmful or offensive contact.  See Restatement (Second) of Torts Section 21 (1965). *Scruggs v. Haynes*, (1967) 252 Cal.App.2d 256, 60 Cal.Rptr.355; Penal Code §240; *Fraguglia v. Sala,* (1936) 17Cal.App.2d 738, 742(in tort actions for assault and battery, the courts assume that the criminal definition "assault is an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another" and criminal case law are

24

1  applicable.

2      The plaintiff in a civil damages lawsuit, unlike a criminal prosecutor, need not
3  establish that the defendant had a present ability to commit the harmful or offensive
4  contact; it is the plaintiff's imminent apprehension of such contact that is crucial and
5  must be established. *See*, *supra* at fn1, *Penal Code* Section 240.

6      By definition, a battery in violation of California Penal Code Section 242
7  requires the offensive touching. "Section 242 defines battery as 'any wilful and
8  unlawful use of force or violence upon the person of another.' However, '[t]he word
9  violence has no real significance....'It has long been established ... that the 'least
10 touching' may constitute a battery. In other words, *force* against the person is enough;
11 it need not be violent or severe, it need not cause bodily harm or even pain, and it
12 need not leave any mark.'" *People v. Longoria*, (1995) 34 Cal.App.4th 12, 16, 40
13 Cal.Rptr.2d 213, 214; Police officers who commit battery are civilly liable. *Larson*
14 *v. City of Oakland* (1971) 17 Cal.App.3d 91, 94 Cal.Rptr. 466. The essential elements
15 of a claim for battery are: 1. Defendant intentionally did an act which resulted in a
16 harmful [or offensive] contact with the plaintiff's person; 2. Plaintiff did not consent
17 to the contact; 3. The harmful [or offensive] contact caused injury, damage, loss or
18 harm to the plaintiff.

19     **False Arrest**

20     The elements of false arrest under California tort law generally parallel those
21 of Section 1983, *i.e.*, absence of probable cause, omitting color of law component.
22 *County of Los Angeles v. Superior Court (Valentin)* 78 Cal.App.4th, 212, 228 92
23 Cal.Rptr. 2d 668 (2000)("Here, the violation of the plaintiff's fourth amendment right
24 to be free of unlawful seizure has common law analogues in the torts of false arrest
25 and false imprisonment.", see *Jones v. Kmart Corporation* 17 Cal.4th 329, 334, 949
26 P.2d 941, 70 Cal.Rptr.2d 844 (1988)(false imprisonment by private security not a
27 Fourth Amendment violation because no state action, as it "might have been if
28 defendants had called the police and then coercively interfered with Jones' Fourth

1  Amendment rights when he attempted to exercise them against the police.). Only the
2  existence of the facts constituting probable cause are to be decided by the jury. It is
3  error to give the jury a definition of reasonable cause and to instruct them to
4  determine if the facts are within or without that definition. *Whaley v. Jansen*, (1962)
5  208 Cal.App.2d 222, 227, 25 Cal.Rptr. 184, 187.

6  **Conspiracy**

7  A civil conspiracy is a combination of two or more persons to accomplish by
8  concerted action a criminal or unlawful purpose or lawful purpose by criminal or
9  unlawful means. *Parkinson Co. v. Building Trades Council* (1908) 154 Cal. 581,
10  593. The advantage gained in alleging a conspiracy is that the act of one during the
11  conspiracy in the act of all if done in furtherance of the conspiracy. *De Vries v.*
12  *Brunback* (1960) 53 Cal.2d 643, 648, and the liability of all is joint and several.
13  *Prince v. Harting*, (1960), 177 Cal. App.2d 720, 728. Such liability may be imposed
14  even if the defendant committed no overt act whatsoever and gained no benefit
15  therefrom. *Mox Inc. v. Woods*, (1927) 202 Cal. 675, 678. The elements of a cause
16  of action for civil conspiracy are the formation of the conspiracy and damage
17  resulting to the plaintiff from an act or acts done in furtherance of the common
18  design. *Mox,, supra*, 677. The cause of action arises out of some wrongful act
19  committed by one or more of the conspirators. *Unruh v. Truck Ins. Exchange* (1972)
20  7 Cal.3d 616, 631.

21  The plaintiff must show the formation and operation of a conspiracy to commit
22  a civil wrong and damages. *Orloff v. Metropolitan Trust Co.* (1941) 17 Cal.2d 484,
23  488. A civil conspiracy is shown when the evidence demonstrates defendants "did
24  agree together" *Farr v. Bramblett* (1955) 132 Cal. App.2d 36, 47, or the ultimate fact
25  that the defendants "conspired together" to commit specified wrongful acts
26  (*Greenwood v. Mooradian* (1955) 137 Cal. App.2d 532, 535-537).

27  **Torts in Essence**

28  California courts expressly recognized the violation of a penal statute as the

26

basis for a private civil cause of action as a tort in essence:

> "A tort in essence is the breach of a nonconsensual duty owed to another. Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself. Any injured member of the public for whose benefit the statute was enacted may bring the action." *Laczko v. Jules Meyers, Inc.* (1969) 276 Cal. App. 2d 293, 295.

"Violation of a statute without justification constitutes presumptive failure to exercise due care if the violation proximately caused the injury and the person injured was one of the class of persons for whose protection the statute was adopted. *Michael R. v. Jeffrey B.* (1984) 158 Cal. App. 3d 1059, 1064 (violation of Penal Code Section 653(f) solicitation to ask another to commit a crime). See also *Munchow v. Kraszewski* (1976) 56 Cal. App. 3d 831, 835 (violation of Vehicle Code Section 28051); *South Bay Building Enterprises v. Rivera Lend Lease, Inc.*, 72 Cal.App.4th 1111, 1123 85 Cal.Rptr.2d 647, 654 (1999) (violation of Civil Code 2924h, subdivision (b) criminalizing "any act...which would operate as a fraud or deceit upon any beneficiary . . .or junior lienor."*Alejo v. City of Alhambra* (1999) 75 Cal. App. 4th 1180 (private cause of action for police officer's violation of California Penal Code Section 11166).

In *Laczko v. Jules Meyers, Inc.*, *supra*, the statute violated by the defendant was California *Vehicle Code* Section 28051. In *Castillo v. Friedman* (1987) 197 Cal. App. 3d Supp 6, the defendants were alleged to have violated a rent control ordinance. In *Wetherton v. Growers Farm Labor Assn.* (1969) 275 Cal. App. 2d 168, 174, the defendants violated misdemeanor provision of the California Labor Code. In *Zubrick v. Ford* (1996) 48 Cal. App. 4th 1834, the court wrote: "[W]hen a plaintiff brings himself within the class protected by the statute, a defendant who violates the statute causing injury breaches a duty of care. (citations [if plaintiff is in a protected class and defendant violates statute, 'it would follow, under Evidence Code section 669, that defendant violated his legal duty of care to plaintiff]). A statute may impose a duty of care whether or not it expressly provides for civil liability."

1      *Haggis v. City of Los Angeles* (2000) 22 Cal. 4th 490, 93 Cal. Rptr. 2d 327

2  holds that  private cause of action was cognizable against a public entity  by virtue

3  of California *Government Code* Section 815.6.  Section 815.6 provides:

4          "Where a public entity is under a mandatory duty imposed by an
           enactment that is designed to protect against the risk of a particular kind
5          of injury, the public entity is liable for an injury of that kind proximately
           caused by its failure to discharge the duty unless the public entity
6          establishes that it exercised reasonable diligence to discharge the duty."
           *Government Code* Section 815.6 (*Deering's* 2002).

7          The City of Los Angeles' position in *Haggis* that it could only be liable under

8  Section 815.6 if the predicate order or ordinance "expressly manifests the enacting

9  body's intent to create a private right of action for those situated similarly as to the

10  plaintiff" was turned aside.

11         "We cannot agree with the City and amici curiae that liability under
           section 815.6 requires that the enactment establishing a mandatory duty
12         *itself* manifest an intent to create a private right of action, for their
           position is directly contrary to the language and function of section
13         815.6.  When an enactment establishes a mandatory governmental duty
           and is designed to protect against the particular kind of injury the
14         plaintiff suffered, section 815.6 provides that the public entity "is liable"
           for an injury proximately caused by its negligent failure to discharge the
15         duty. *It is section 815.6, not the predicate enactment, that creates the
           private right of action.*  If the predicate enactment is of a type that
16         supplies the elements of liability under section 815.6--if it places the
           public entity under an obligatory duty to act or refrain from acting, with
17         the purpose of preventing the specific type of injury that occurred--then
           liability lies against the agency under section 815.6 regardless of
18         whether private recovery liability would have been permitted, in the
           absence of section 815.6 under the predicate enactment alone." *Haggis
19         v. City of Los Angeles* (2000) 22 Cal. 4th 490, 499, 93 Cal. Rptr. 2d 327,
           333 (italics in the original).

20

21

22      **Intentional Infliction of Emotional Distress**

        California law recognizes "severe emotional distress means . . . emotional
23

24  distress of substantial quantity or enduring quality that no reasonable man in a

25  civilized society should be expected to endure it." The distress may consist of "any

26  highly unpleasant mental reaction such as fright, grief, shame, humiliation,

27  embarrassment, anger, chagrin, disappointment or worry."*Fletcher v. Western

28  National Life Insurance Co.* (1970) 10 Cal.App.3d 376, 397. Ordinary rude or

insulting behavior is not enough to justify an award of damages. (See, Rest.2d Torts,

1  § 46, Comment d. ["There is no occasion for the law to intervene in every case where

2  someone's feelings are hurt."]; Comment j [distress must be so severe that "no

3  reasonable man could be expected to endure it."]; [A] cause of action is established

4  when it is shown that one, in the absence of any privilege, intentionally subjects

5  another to the mental suffering incident to serious threats to his physical well-being,

6  whether or not the threats are made under such circumstances as to constitute a

7  technical assault." *State Rubbish Collectors Assn. v. Siliznoff* (1952) 38 Cal.2d 330,

8  336.

9      "In order to meet the first requirement of the tort, the alleged conduct
       must be so extreme as to exceed all bounds that are usually tolerated in

10     a civilized community.' [Citation] Generally, conduct will be found to
       be actionable where the 'recitation of the facts to an average member of

11     the community would arouse his resentment against the actor, and lead
       him to exclaim 'Outrageous!' (Rest.2d Torts, § 46, com. d.)' (*KOVR-TV,*

12     *Inc.v. Superior Court*, (1995) 31 Cal.App.4th 1023, 37 Cal.Rptr 2d 431).
       That the defendant knew the plaintiff had special susceptibility to

13     emotional distress is a factor which may be considered in determining
       whether the alleged conduct is outrageous. (*Angie M. v. Superior Court*

14     (1995) 37 Cal.App.4th 1217, 1226 44 Cal.Rptr.2d 197; Rest.2d Torts,
       § 46, com. f.) ¶ There is no bright line standard for judging outrageous

15     conduct and '. . .its generality hazards a case-by-case appraisal of
       conduct filtered through the prism of the appraiser's values, sensitivity

16     threshold, and standards of civility. The process evoked by the test
       appears to be more intuitive than analytical ...' [Citation.]' *KOVR-TV,*

17     *supra*, 31 Cal.App.4th at p. 1028, 37 Cal.Rptr.2d 431.)" *Cochran v.*
       *Cochran*, 65 Cal.App.4th 488, 494 (1998), 76 Cal.Rptr.2d 540.

18

19      The elements of liability for intentional infliction of emotional distress

20  ("IIED") are: (1) Extreme and outrageous conduct by the defendant with the intention

21  of causing, or reckless disregard of the probability of causing, emotional distress, (2)

22  the plaintiff's suffering severe or extreme emotional distress; and (3) actual and

23  proximate causation of the emotional distress by the defendant's outrageous conduct.

24  *Christensen v. Superior Court* (1991) 54 Cal 3d 868, 903, 2 Cal. Rptr. 2d 79.

25      California courts have devised various means of compensating for the infliction

26  of emotional distress, provided there is some assurance of the validity of the claim.

27  Physical injury, whether it occurs contemporaneously with or is a consequence of

28  emotional distress, provides one such guarantee. Another, as in this case, arises when

1  the plaintiff asserts an independent cause of action apart from personal injury.

2  Intentional torts support damages for emotional distress without physical harm in

3  cases involving extreme and outrageous intentional invasions of mental and

4  emotional tranquility; outrageous conduct ensures that the plaintiff experienced

5  serious mental suffering. *Molien v. Kaiser Found. Hosps.* (1980) 27 Cal 3d 916, 926,

6  167 Cal. Rptr. 831.

7    **Negligence**

8    There is no immunity for liability for negligence by public employees and

9  entities. This principle is well settled and expressly provided in the Tort Claims Act.

10  *Caldwell v. Montoya*, (1995)10 Cal. 4th 972, 980, 42 Cal.Rptr. 842; Govt Code

11  §815(a)(public entities); §820(a)(public employees). Under the Act, a public

12  employee and agency is liable for any injury caused by an omission or act "to the

13  same extent as a private person." *Legtu v. California Highway Patrol* (2001)

14  26Cal.4th 703, 715, 110 Cal.Rptr.2d 528.

15    In order to establish liability on a negligence theory, a plaintiff must prove,

16  duty, breach, causation and damages. *Ortega v. Kmart Corp.* (2001) 26 Cal 4th 1200,

17  1205, 114 Cal. Rptr. 2d 470.

18    **Negligent Employment**

19    California expressly applies this variant of negligence liability to municipalities

20  employing peace officers. *Jane Doe I v. City of Murietta* 102 Cal.App.4th 899 (2002)

21  found the trial court's dismissal of the plaintiff's negligent hiring, training and

22  supervision claim directly against the City of Murietta on summary judgment was

23  improper because triable issues of fact existed whether the defendants knew or should

24  have known the City's police officer posed a risk of harm to the plaintiffs.

25  Distinguishing *Van Ort v. Stanewich*, (9th Cir. 1996) 92 F.3d 831, *City of Murietta*

26  found that public entity liability based on negligent hiring and supervision of a police

27  officer by the City  *was* a recognized theory of liability when there is a special

28  relationship between the plaintiff and the defendant entity, citing *Virginia G. V. ABC*

1  *Unified School District.* (1993) 15 Cal.App.4th 1848, 19 Cal.Rptr. 2d 671. "Such a
2  duty may arise however if '(a) a special relationship exists between the actor and the
3  third person which imposes a duty upon the actor to control the third person's
4  conduct, or (b) a special relationship exists between the actor and the other which
5  gives the other a right to protection.'" *Id.* p. 918

6       In *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, (1998) the plaintiffs
7  sought to hold the City of Los Angeles liable under a negligent supervision and
8  retention theory. The negligence, it was alleged, was the City's failure to react
9  properly to officer Mendoza's pre-employment MMPI test result that raised a red flag
10 for alcohol abuse and the City's hiring psychologist could produce no written report
11 of his evaluation of Mendoza or any record of his interview with him. The court
12 recognized the direct liability theory: "Liability for negligent hiring and supervision
13 is based upon the reasoning that if an enterprise hires individuals with characteristics
14 which might pose a danger to customers or other employees, the enterprise should
15 bear the loss caused by the wrongdoing of its incompetent or unfit employees. The
16 tort has developed in California in factual settings where the plaintiff injury occurred
17 in the workplace, or the contact between the plaintiff and the employee was generated
18 by the employment relationship. Cal. Govt. Code § 820.8; *Runyon v. Superior Court*
19 *(Franco)*, 187 Cal. App. 3d 878 (1986) (See North, *The Responsibility of Employers*
20 *for the Actions of their Employees: The Negligent Hiring Theory of Liability* (1977)
21 53 Chi-Kent L.Rev. 717, 719.)" *Id.* p. 1340-41. Applying this liability predicate, the
22 court held that the City's duty was not owed to a family member of the employee it
23 negligently hired. "We have been directed to no California case imposing liability for
24 negligent hiring or supervision in favor of an employee's family member."
25 Nevertheless, the court clearly approved of the liability concept when the City had
26 notice of unfitness or  intentional or reckless misconduct and the plaintiff was not
27 making a derivative claim of injury. *See also*:  *Robinson v. Smith* (1962) 211
28 Cal.App.2d 473, 480-481; *White v. Superior Court* (1990) 225 Cal.App.3d 1505,

1511 ("The causes of action for negligent hiring, training, and retention and for

failure to train, supervise, and discipline merely sought to show direct responsibility

of San Francisco for Officer Sanford's conduct");

> "Where the superior officer has the power and duty of removal of a subordinate, no logical reason appears why his responsibility for failure to discharge a known unfit subordinate should be any less than for initially employing such a person. The doctrine of responsibility of public officers for negligence in the appointment of a subagent was recognized in the case of *Baisley v. Henry* (1921), 55 Cal.App. 760, 763 [204 P. 399]. The court said : ' The rule is that an agent is not in general liable to third persons for the misfeasance or malfeasance of an subagent employed by him in the service of his principal, unless he is guilty of negligence in the appointment of such subagent or improperly co-operates in the latter's acts or omissions." *Fernilius v. Pierce* (1943) 22 Cal.2d 226, 236.

The Restatement's application to public employers and entities received

approval by the California Supreme Court in *Grudt v. City of Los Angeles* 2 Cal.3d

575, (1970) wherein it was held the trial court erroneously struck the plaintiff's

negligent employment claim on the grounds that the statute of limitations had run.

"In the second cause of action, she alleged that the City was negligent in

continuing to employ Officers Kilgo and Rinehart after it knew or should have known

that they were dangerous and violent officers, prone to the use of unnecessary

physical force." *Id.* p. 583. The issue was whether the amendment should have been

allowed. The court ruled that the trial court erred by striking the cause of action

because negligent employment claim related back to the wrongful death shooting

claim. In so doing, the court naturally recognized the viability of the cause of action.

"No doubt plaintiff's second cause of action added a significant new dimension to the

lawsuit. Not only was it asserted that the City was liable as the employer of negligent

employees on a respondeat superior theory, but it was also claimed that the City was

liable for its own negligence in retaining the services of officers known to be

dangerous." *Id.* 593-594. Had the Supreme Court disapproved of the liability theory

of liability altogether, it would not have found error in striking it. *Routh v. Quinn*

(1942) 20 Cal.2d 488, 493 ("[i]nasmuch as we have determined that no cause of

action exists for such alleged negligence, there are no circumstances under which an

1    amendment would serve any useful purpose." Likewise, *City of Los Angeles v.*
2    *Superior Court* (1973) 33 Cal.App.3d 778, recognized the viability of municipal
3    liability for negligent supervision and retention. "It may also incur liability for
4    willfully continuing to employ an individual of known violent propensities. (*Cf.*
5    *Coats v. Construction & Gen. Laborers Local No. 185*, 15 Cal.App. 3d 908, 914, 93
6    Cal.Rptr.639.) ("Failure to discharge an employee or agent guilty of oppressive acts
7    towards patrons of the employer" is evidence of ratification which thereby subjects
8    employer to liability). *Underwriters Inc. Co. v. Purdie* (1983) 145 Cal.App.3d 57,
9    citing Restatement Second of Agency, section 213, affirmed the proposition that '...an
10   employer may be liable to a third person fo the employer's negligence in hiring or
11   retaining an employee who is incompetent or unfit." *Id.*, at 145 Cal. App.3d 69. In
12   *Evan v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, the court
13   acknowledged California's recognition of a cause of action for negligently hiring an
14   incompetent or unfit employee by allowing a boy to proceed with his action against
15   a church which employed a pastor who molested him. *Id.*, at 8 Cal.App.4th 843.
16   Similarly, an injury which results from a negligent failure to adequately train or
17   supervise a public employee will give rise to a cause of action against the employing
18   entity. *Ramos v. County of Madera*, 4 Cal.3d 685, 695-6 (1971), 94 Cal.Rptr. 421,
19   484 P.2d 93).

20        *Van Ort* clearly does not provide for the conclusion in *Blair v. City of Pomona*,
21   (9th Cir. 2000) 223 F.3d 1074 that there is no such cause of action in California law.
22   *Van Ort* surveyed California statutory and case law concerning liability for negligent
23   employment, supervision and retention and concluded that such a negligence claim
24   *could* exist, but only for on-duty exploits of the individual defendant employee: "It
25   can be argued that the statutory language [Govt. Code §§ 815.2 and 820(a)]
26   conceivably provides for negligent supervision direct liability for acts employees
27   committed within the scope of their employment. However, the language cannot
28   support negligent supervision claims for actions outside Stanewich's scope of

33

1  employment." *Id.* p. 840. (emphasis added). Thus in cases such as Plaintiff's where
2  the officer defendant is on duty and in uniform, unlike the deputy in *Van Ort*, Govt
3  Code § 815.2 ("a public employee is liable for injury caused by is act or omission to
4  the same extent as a private person.") , "leaves open the possibility that there is
5  statutory authority for a negligent supervision or promotion suit." *Id.*

6      Negligent employment liability has long been recognized by the California
7  Courts. It is merely a variant of ordinary negligence, for which there is no
8  governmental immunity. The plaintiff must prove the employer (public or otherwise)
9  knew or should have known of the employee's unfitness for the position. *United*
10 *States Liab. Co. v. Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 594 (1970); *Virginia G. v.*
11 *ABC Unified School District,* 15 Cal.App.4th 1848, 1855 (1993).

12     The doctrine of responsibility of public officers for negligence in the
13 appointment of a subagent was recognized in the case of *Baisley v. Henry*, (1921) 55
14 Cal.App.760, 763. "All public officers who have the power of appointing their
15 subordinates are bound to exercise ordinary care in selecting proper persons for the
16 position, and to superintend their conduct; and they are bound not to assign to them
17 tasks for which they know such subordinates to be incompetent, and in the execution
18 of which it is reasonable to infer that disastrous consequences will ensue." *Fernelius*
19 *v. Pierce,* (1946) 22 Cal.2d 226, 236 (endorsing cause of action against Chief of
20 Police for keeping "homicidal" police officers on staff). Supervisory personnel
21 charged with hiring, firing and training must act with reasonable care in their duties
22 and if they do not, the City may be held liable for its own negligence. *Brownell v.*
23 *Los Angeles Unified School District,* 4 Cal.App.4th 787, 795-796 (1992); *Duarte v.*
24 *City of San Jose*, 100 Cal. App. 3d 648, 658 (1980); *Harris v. City of Compton*, 172
25 Cal.App.3d 1, 9 (1985).

26     *See also*: *Hartman v. Shell Oil Co.*, 68 Cal.App.3d 240, 137 Cal.Rptr. 244, 250-
27 51 (1977) (that the employee who made false representations was not discharged or
28 even reprimanded is evidence of the principal's approval); *Greenfield v. Spectrum*

1   *Investment Corporation,* 174 Cal.App.3d 111, 219 Cal. Rptr. 805, 809 (1985)

2   (circumstantial evidence of failure to investigate, discipline or terminate is sufficient

3   for a finding of ratification); *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d

4   590, 262 Cal.Rptr.842, 860 (1989) (ratification may be inferred from the fact that the

5   employer, after being informed of the employee's actions, does not fully investigate

6   and fails to repudiate the employee's conduct by redressing the harm done and

7   punishing or discharging the employee).

8

9   **Banes Civil Rights ( California Civ. Code §52.1(b))**

10   California *Civil Code* Section 52(b) provides:

11   "(b) Whoever denies the right provided by Section 51.7 or 51.9, or aids,
     incites, or conspires in that denial, is liable for each and every offense

12   for the actual damages suffered by any person denied that right and, in
     addition, the following: (1) An amount to be determined by a jury, or a

13   court sitting without a jury, for exemplary damages. (2) A civil penalty
     of twenty-five thousand dollars ($ 25,000) to be awarded to the person

14   denied the right provided by Section 51.7 in any action brought by the
     person denied the right, or by the Attorney General, a district attorney,

15   or a city attorney. (3) Attorney's fees as may be determined by the
     court." *Deering's* 2008.

16

17   California *Civil Code* Section 52.1 provides in relevant part:

18   (a) If a person or persons, whether or not acting under color of law,
     interferes by threats, intimidation, or coercion, or attempts to interfere

19   by threats, intimidation, or coercion, with the exercise or enjoyment by
     any individual or individuals of rights secured by the Constitution or

20   laws of the United States, or of the rights secured by the Constitution or
     laws of this state, the Attorney General, or any district attorney or city

21   attorney may bring a civil action for injunctive and other appropriate
     equitable relief in the name of the people of the State of California, in

22   order to protect the peaceable exercise or enjoyment of the right or
     rights secured. An action brought by the Attorney General, any district

23   attorney, or any city attorney may also seek a civil penalty of twenty-five
     thousand dollars ($25,000). If this civil penalty is requested, it shall be

24   assessed individually against each person who is determined to have
     violated this section and the penalty shall be awarded to each individual

25   whose rights under this section are determined to have been violated.
     (b) Any individual whose exercise or enjoyment of rights secured by the

26   Constitution or laws of the United States, or of rights secured by the
     Constitution or laws of this state, has been interfered with, or attempted

27   to be interfered with, as described in subdivision (a), may institute and
     prosecute in his or her own name and on his or her own behalf a civil

28   action for damages, including, but not limited to, damages under Section
     52, injunctive relief, and other appropriate equitable relief to protect the
     peaceable exercise or enjoyment of the right or rights secured.

*Deering's* 2008.

These code sections provide the plaintiff with civil causes of action for the deprivation of his rights under the California Constitution as well as the laws of the state of California *without* requiring him to allege himself a member of a protected class. *In re Cox*, 3 Cal.3d 205, (1970) "As we shall explain, that statute, although primarily invoked in recent years to prohibit racial discrimination, does not limit itself to racial discrimination' both its history and its language disclose a clear and large design to interdict all arbitrary discrimination by a business enterprise." *Id. p.* 996. *Boccato v. City of Hermosa Beach* (1994) 29 Cal.App.4th1797, 35 Cal.Rptr.2d 282 linked the class-based elements of §51.7 to 52.1 to actions under 52.1(b). That decision was expressly overruled by the Legislature in 2004.

> "In 2000, the Legislature amended subdivision (g) of section 52.1 expressly to state that an action brought under the section is independent of any other action, remedy, or procedure under any other provision of law, including but not limited to an action brought under section 51.7. The Legislature also articulated its intent in enacting section 52.1. Section 1 of Chapter 98 of the Statutes of 2000 provides:'(a) The Legislature hereby finds and declares all of the following:[¶] (1)Section 52.1 of the Civil Code guarantees the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution and laws of this state without regard to his or her race, color, religion, or sex, among other things. [¶] The decision in *Boccato v. City of Hermosa Beach* (1994) 29 Cal.App4th 1797 misconstrued Section 52.1 of the Civil Code to require that an individual who brings an action, or on whose behalf an action is brought, pursuant to this section, be a member of one of those specific protected classes. [¶] (b) It is the intent of the Legislature in enacting this act to clarify that an action brought pursuant to Section 52.1 of the Civil Code does not require the individual. . .to be a member of a protected class identified by its race, color, religion, or sex, among other things.' (See, Historical and Statutory Notes, 6 West's Ann. Civ. Code (2002) supp, foll. §52.1,. p.134.)" *Venegas v. County of Los Angeles,* 32 Cal..4th 820 (2004).

## III.

## EVIDENTIARY PROBLEMS

### A.    Burden of Proof

Plaintiff's burden of proof as to civil rights claim is the same as for a tort: *Monroe v. Pape*, (1961) 365 U.S. 167, 187.

**B.    Defense burden to prove probable cause:**

The allocation of proof in a false arrest case is to require the plaintiff to prove the absence of a warrant. *Gilker v. Baker*, 576 F.2d 245 (9th Cir. 1978), [plaintiff meets initial burden by pleading and proving no warrant]. The defendant bears the burden of proving probable cause. This means plaintiff's initial burden with respect to his warrantless arrest is met merely by establishing he was taken into custody. Defendants must competently establish each of the facts that constitute probable cause for the arrest they made of the plaintiff. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir.1978)("Once a warrantless arrest is established, the burden of going forward with the evidence passes to the defendant."). See also, *Martin v. Duffie*, 463 F.2d 467 (10th Cir. 1972)(plaintiff who has been arrested without a warrant 'need only present a prima facie case of illegal arrest in order to sustain his burden"); *Patzig v. O'Neill*, 577 F.2d 841, 849 n.9 (3d Cir. 1978); *Dellums v. Powell*, 566 F.2d 167, 175-76 (D.C.Cir. 1977). If the defendant is unable to or refuses to come forward with any evidence that the arresting officers had probable cause and the plaintiff's own testimony does not establish it, the court should presume the arrest was unlawful." *Dubner v. City and County of San Francisco* (2001) 266 F.3d 959, 965. "Defendants bear the burden at trial of proving the defense of good faith and probable cause;" *Losch v. Borough of Parksburg*, 136 F.3d 902, 909, citing *Pierson v. Ray* 386 U.S. 547, 556-557 ((1967). *Dragna v. White*, 45 Cal.2d 469, 471-72 (1955); Valdez v. Abney, 227 Cal Rptr. 707, 710 (1986) "Upon proof of those facts [false arrest without a warrant, imprisonment and damages] the burden is on the defendants to prove justification for the arrest.", *as modified on denial of reh'g* ("California law places the burden of proof on the police to show justification in the analgous situation of suit for false arrest and false imprisonment' citing *Dragna. Roynon v. Battin*, 55 Cal.App.2d 861, 865 (1942).

A warrantless arrest is presumed illegal (California Evidence Code § 664), and the burden of providing justification is upon the defense. *Cervantez v. J.C. Penny Co.*

1  24 Cal.3d 579, 592 (1979); *Cameron v. Fogarty*, 649F.Supp. 3,5 (E.D.N.Y. 1985).

2

3  **C.    Admissibility of Defendants' Priors To Show Pattern and Practice**

4  The defendants' character trait for untruthfulness and dishonesty may be
5  conclusively demonstrated by the police department's determination that they engaged
6  in misconduct that reflects on these character traits.

7  "Specific instances of the conduct of a witness, for the purpose of
   attacking or supporting the witness' credibility, other than conviction of
8  crime as provided in rule 609, *may not be proved by extrinsic evidence.*
   They may, however, in the discretion of the court, if probative of
9  truthfulness or untruthfulness, be inquired into on cross-examination of
   the witness (1) concerning the witness' character for truthfulness or
10 untruthfulness, or (2) concerning the character for truthfulness or
   untruthfulness of another witness as to which character of the witness
11 being cross-examined has testified." *Fed.R.Ev.* 608(b).(italics added)

12 Plaintiff expects to cross examine the defendants with respect to third party
13 arrest reports in which they conducted themselves in the identical manner as in this
14 case, employing the identical modus operandi to cover up unjustified brutality with
15 fictional accounts of battery and resisting arrest.

16 In § 1983 cases, federal courts have specifically upheld the admission of prior
17 and subsequent uncharged misconduct against peace officer defendants pursuant to
18 Rule 404(b) in situations similar to the case at hand. *Carson v. Polley*, 689 F.2d 562,
19 572 (5th Cir. 1982) (reversing judgment for sheriff and deputies who used excessive
20 force, finding performance evaluation report of deputy, stating he got into arguments
21 with inmates and lost his temper quickly with consequent hostility towards other
22 inmates, should have been admitted to show intent to harm and to impeach witness);
23 *Commonwealth of Pennsylvania v. Baranyal*, 659 F.2d at 320 (evidence, *inter alia*,
24 of defendant police officer's brutal conduct, including events two (2) years old, was
25 admissible under either Rule 404(b) or Rule 406 (pattern and practice); *accord*
26 *O'Neill v. Krezemiski*, 839 F.2d 9, 10-11 (2nd Cir. 1988) (split decision) (admission
27 of judgment for excessive force against police officer obtained one month prior). *See*
28 *also: Hirst v. Gertsen*, 676 F.2d 1252 (9th Cir. 1982) (Rule 404(b) applied to identify

1  injuring officer defendant based on prior similar misconduct); *Doty v. Seawall*, 908
2  F.2d 1053 (1st Cir 1990), *Leonard v. Argento*, 699 F.2d 874, 896 (7th Cir 1983).

3         Furthermore, FRE 404(b) incidents remain relevant and admissible
4  notwithstanding they occurred subsequent to the plaintiff's arrest. In *Ismail v. Cohen*,
5  899 F.2d 183 (2nd Cir. 1990) the Court of Appeals found no error in the admission of
6  testimony and cross examination of the officer defendant that he had committed
7  misconduct similar to that alleged in the case soon **after** the incident at issue.  The
8  court found that this evidence demonstrated pattern, intent, and absence of mistake
9  under Rule 404(b). Plaintiff maintains he was victimized by overlapping customs and
10 practices historically concealed and condoned by LASD by and through a code of
11 silence, covering up excessive force by false arrests, false arrest reports
12 manufacturing probable cause for the uses of force and arrest, conspiracies to bring
13 about groundless criminal prosecutions and convictions on 148/243 accusations
14 which customs, practices and de facto policies to which LASD has turned a blind eye.
15 Lax discipline creates an atmosphere encouraging police misconduct.  *Sarus v.*
16 *Rotundo*, 831 F.2d 397, 400-01 (2d Cir. 1987); *Fiacco v. City of Rensselaer, N.Y.*,
17 783 F.2d 319, 327 (2d Cir. 1986).

18        To prove the County's liability under *Monell v. Department of Social Services,*
19 436 U.S. 658 (1978), plaintiff is required to adduce evidence showing these customs,
20 practices and polices within the police department paralleling his own case and that
21 he was victimized by these same customs, practices and polices. A policy or practice
22 can consist of either acts or omissions on the part of LASD, *City of Canton, Ohio v.*
23 *Harris*, 489 U.S. 378 (1988), but there must be some affirmative link between the
24 policy or practices and the alleged constitutional violation.  *Oklahoma City v. Tuttle*,
25 471 U.S. 808, 823 (1985).

26        **D.    Specific Intent to Deprive Plaintiff of a Constitutional Right**
27                **Is Not An Element of a Proof in a Section 1983 Action.**

28        To prove a violation of a right protected by the Constitution or laws of the

39

1  United States under Section 1983, plaintiff is not required to establish an officer's bad

2  motive or evil intent. *Cohen v. Norris*, 313 F.2d 24, 29-30 (9th Cir. 1963); *Stringer v.*

3  *Dilger*, 313 F.2d 536, 540 (10th Cir. 1963); *Joseph v. Rowlen, supra*, at 370; *Jenkins*

4  *v. Averett, supra*, at 1232; cf., *Whirl v. Kern*, 407 F.2d 781 (5th Cir. 1969) [prisoner

5  is held in jail nine months beyond his term].

6      The reason for this rule is stated in *Monroe v. Pape, supra* at 187:

7      "Section 1979 [*i.e.*, 42 U.S.C. § 1983] should be read against the
       background of tort liability that makes a man responsible for the natural
8      consequences of his action."

9  **E.    Prior and Subsequent Misconduct is Admissible**

10  **Against the Individual Defendants as well as the**

11  **Municipal Entity**

12      Except in the case of ratification, (*Christie v. Iopa, supra*) a single incident of

13  police misconduct may not support a *Monell* claim against the governmental entity.

14  *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). Thus to establish the claim,

15  plaintiff has the burden of proving the existence of other, similar incidents. *Webster*

16  *v. City of Houston*, 735 F.2d 838 (5th Cir. 1984); *Smith v. Ambrogio*, 456 F.Supp.

17  1130 (1978); *Fletcher v. O'Donnell*, 867 F.2d 791, 793-794 (3rd Cir. 1989);

18  *Commonwealth of Pennsylvania v. Baranyal*, 659 F.2d 606 (3rd Cir. 1981). *Monell*

19  liability will lie by failure to correct repeated uses of excessive force. *Fundillier v.*

20  *City of Cooper City*, 777 F.2d 1436 (11th Cir. 1985); *McClelland v. Facteau*, 610 F.2d

21  693, 697-698 (10th Cir. 1979). Accordingly, plaintiff's case in chief requires

22  introduction of other acts evidence to hold the entity liable under § 1983 to show

23  plaintiff's incident was part and parcel of the custom or policy. *Fletcher, supra* [trial

24  court's refusal to allow plaintiffs to cross-examine officer on other complaints and

25  disallowed to cross-examine officer on other complaints and disallowed testimony of

26  other victims is reversible error].

27      Moreover, Federal Rules of Evidence 404(b), 405(a), 406 and 608(a)(b),

28  provide for admissibility of specific acts of misconduct. Rule 404 allows other acts

1  evidence to show modus operandi, knowledge, absence of mistake, motive, etc. Rule
2  405 admits roof of relevant character traits, e.g., dishonesty, racism, quickness to
3  violence, ill-temperament, by opinion testimony and permits inquiry into specific
4  instances of conduct on cross-examination and by directed testimony where the traits
5  are essential elements of the claim. Rule 406 admits uncorroborated evidence of habit
6  and practice.  Rule 608(a) permits attacks on the officer's credibility by opinion and
7  reputation testimony and subsection (b) allows the court to admit specific instances
8  of conduct if probative of untruthfulness. [See generally: *Uncharged Misconduct*
9  *Evidence*, Edward J. Imwinklreid, Chapter 7, Civil Cases.

**IV.**

**A TIMELY JURY DEMAND WAS MADE BY PLAINTIFF IN
CONFORMITY WITH RULE 38, FEDERAL RULES OF CIVIL
PROCEDURE AND LOCAL RULE 38-1**

DATED: September 2, 2008          THE BECK LAW FIRM

                                  By_____
                                       Thomas E. Beck, Esq.
                                       Attorney for Plaintiff

41

1    <u>PROOF OF SERVICE</u>

2    GONZALEZ v. CITY OF MAYWOOD

3    STATE OF CALIFORNIA

4    COUNTY OF ORANGE

5        I am employed in the aforesaid county, State of California; I am over
eighteen years of age and not a party to the within action; my business address is
6    10377 Los Alamitos Boulevard, Los Alamitos, California 90720.

7        On September 3, 2008, I served the within ***PLAINTIFFS
MEMORANDUM OF CONTENTIONS OF FACTS AND LAW*** on the interested
8    parties in this action by placing a true copy thereof, enclosed in a sealed envelope
addressed as follows:
9

10   Richard A. Semon, Esq.
Bohm, Matsen, Kegel & Aguilera
11   695 Town Center Drive, Suite 700
Costa Mesa, California 92626
12

13   ____   BY MAIL: I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be
14   deposited with U.S. postal service on that same day with postage thereon
fully prepaid at Los Alamitos, California in the ordinary course of business.
15   I am aware that on motion of the party served, service is presumed invalid if
postal cancellation or postage meter date is more than one day after date of
16   deposit for mailing in affidavit.

17   ____   BY TELECOPIER: In addition to the above service by mail or hand
delivery, I caused said document(s) to be transmitted by telecopier to the
18   addressee(s).

19   _xx_   BY EMAIL: I caused said document(s) to be transmitted by electronic
correspondence/email to the addressee(s).
20

21   _xx_   (Federal/State) I declare that I am employed in the office of a member of the
bar of this court at whose direction the service was made.
22

23       Executed on September 3, 2008, at Los Alamitos, California.

24       I declare under penalty of perjury under the laws of the State of California

25   that the above is true and correct.

26

27                                   Jorge Monge

28

                                      42